Ronald Wilcox, Esq., 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

E-FILING

FILED
MAR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RESURGENT CAPITAL SERVICES, L.P.,<br>LVNV FUNDING, LLC,<br>THE BRACHFELD LAW GROUP, P.C.<br>a.k.a. BRACHFELD & ASSOCIATES, P.C.<br>and DOES 1-10,<br><br>    Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**CV 11-01253**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Defendants engaged in abusive and invasive collection practices including placing telephone calls in an attempt to collect a debt not owed, and failing to cease and desist.

2. Defendants engage in a business plan, pattern and practice of malicious and despicable conduct by invading the privacy rights of consumers by attempting to collect debts not owed, failing to cease and desist, and unlawful telephone conduct. See *Rees v. Brachfeld Law Group, P.C.*, 10-187 (C.D. CA 2010)(continuing to call someone who doesn't owe), *Moore v. Brachfeld Law Group, P.C.*, 10-00030 (E.D. CA 2010)(continuing to call someone at work despite requests to cease calling)

3. As a result of Defendant's unlawful and intrusive conduct Plaintiff suffered physical and emotional injury, including emotional distress, such as anxiety, diarrhea, sleeplessness, frustration, depression, headaches, stomach aches, crying spells, humiliation, anger, nervousness, family strife, among other negative emotions.

4. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, **to marital instability**, to the loss of jobs, and to **invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff DONNA GARCIA (hereinafter "PLAINTIFF") was a resident of Lakeport, CA, Lake County, California, at all times relevant herein.

7. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civil Code § 1788.2(h).

8. Defendant RESURGENT CAPITAL SERVICES, L.P. (hereinafter "DEFENDANT RESURGENT") has a principal purpose of attempting to collect debts, and regularly engages in the collection of consumer debts originally owed to another. DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Civil Code § 1788.2.

9. According to its website DEFENDANT RESURGENT is a licensed collection agency and may perform collection activities on accounts directly, or it may outsource the recovery activities to other collection agencies or law firms. http://www.rcap.com/, **Exhibit 1**.

10. Defendant LVNV FUNDING, LLC. (hereinafter "DEFENDANT LVNV") has a principal purpose of attempting to collect debts, and regularly engages in the collection of consumer debts originally owed to another. DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Civil Code § 1788.2. DEFENDANT LVNV purchases portfolios of defaulted debt for the purposes of trying to collect on the debt. DEFENDANT LVNV has brought thousands of lawsuits in California in an attempt to collect consumer debts that were purchased after default.

11. Defendant BRACHELD LAW GROUP, P.C. (hereinafter "DEFENDANT BRACHFELD") has a principal purpose of attempting to collect debts on behalf of another, and regularly engages in the collection of consumer debts. DEFENDANT BRACHFELD is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Civil Code § 1788.2. DEFENDANT BRACHFELD has filed thousands of lawsuits in California in an attempt to collect defaulted consumer debts. DEFENDANT BRACHFELD has filed numerous lawsuits for debt buyers, including DEFENDANT LVNV.

12. The Honorable Jeremy Fogel has determined the company falsely used the name, "Brachfeld and Associates", in previous attempts to collect debts. *Owens v. Brachfeld & Associates, P.C.*, 2008 U.S. Dist. LEXIS 63701 (N.D. Cal. 2008).

13. Any reference hereinafter to "DEFENDANT" or "DEFENDANTS" or "DEFENDANT COLLECTOR", without further qualification is meant by the PLAINTIFF to refer to each defendant named above.

14. DEFENDANT's day-to-day activities include attempting to collect debts from consumers via use of the phone and mail.

15. PLAINTIFF alleges that at all times herein mentioned, each DEFENDANT was, and is now, the agent, servant, employee and/or other representative of the other defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Defendants authorized, approved and/or ratified the wrongful acts herein. Defendants authorized, approved, and/or ratified the wrongful acts herein.

## IV. FACTUAL ALLEGATIONS

16. PLAINTIFF allegedly incurred a financial obligation to Sears. The alleged debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. On or about 1970-1971 Donna Garcia and Carroll Love, husband and wife, opened a consumer credit card account with Sears.

18. On or about April 23, 1982, Ms. Garcia and Mr. love divorced.

19. On or about 1983 Ms. Garcia notified Sears of the divorce and that she wanted to her name removed from the joint Sears account, would not be responsible for any further debts her former husband incurred, and wanted to pen a separate Sears consumer credit card account in her name only. On or about 1983 Sears issued Ms. Garcia a consumer credit card account in her name only. Ms. Garcia never again received a monthly bill from Sears for the old account, nor did Sears ever inform her the account was in default.

20. On or about 1997 Ms. Garcia remarried.

**Sears Extends Credit to Mr. Love After His Divorce From Ms. Garcia**

21. Some time before 2004, but well after the 1982 divorce of Ms. Garcia and Mr. Love, Sears extended credit to Mr. Love to purchase aluminum siding for his home in San Jose, CA.

22. Since Mr. Love incurred this debt for aluminum siding well after his divorce with Ms. Garcia, this debt to Sears is solely his.

**LVNV Funding Attempts to Collect from Ms. Garcia, Who Does Not Owe the Debt**

23. At some time after the debt went into default it was purchased by Resurgent Capital Services and placed with LVNV Funding LLC to attempt to collect the debt.

24. On or about March 2006, Ventus Capital began attempting to collect the debt for LVNV Funding, LLC (DEFENDANT LVNV).

25. On or about April 2006, Ms. Garcia contacted Ventus Capital and Sears by telephone to dispute owing this debt. A recording at Sears informed Ms. Garcia to write a letter to Citi Card.

26. On or about April 4, 2006, Ms. Garcia sent letters to Citi Card and Ventus Capital, disputing the debt and refusing to pay, and requesting they remove the item from her credit report.

27. DEFENDANT LVNV continued its attempts to collect the debt through Ventus Capital. On or about August 2006, Ventus Capital admitted the last payment on the account had been two years ago (around 2004). Ms. Garcia asked for any documents showing she made the alleged purchases, or owed the debt, but was told that proof of the debt could not be provided.

28. In the months that followed DEFENDANT LVNV continued its attempts to collect the debt through various collection agencies.

**Brachfeld Attempts to Collect from Ms. Garcia, Who Does Not Owe the Debt, Ms. Garcia Sends Two More Cease and Desist Letters**

29. On or about December 2006, Brachfeld Law Group, P.C., disguised as Brachfeld & Associates, began attempting to collect the debt from Ms. Garcia, despite her earlier efforts.

30. On December 12, 2006, Ms. Garcia sent a letter to Defendant Brachfeld saying she did not owe the debt and that she was refusing to pay.

31. On or about March 3, 2007, Defendant Brachfeld called. Ms. Garcia told Defendant it was not her debt and that she had already sent a certified letter refusing to pay. Defendant Brachfeld said he did not see that letter.

32. So, on March 3, 2007, Ms. Garcia sent Defendant Brachfeld another certified letter stating the debt was not hers and refusing to pay it.

**Ms. Garcia disputes the Debt with Experian, Transunion and Equifax**

33. On or about March 23, 2009, Ms. Garcia disputed owing any debt to LVNV Funding, LLC, and Sears, by disputing such directly with Experian, Transunion and Equifax, credit reporting agencies.

34. On or about April 3, 2009, Transunion responded by indicating the debt to LVNV Funding, LLC, was deleted, and the debt to Sears was updated to show a $0 balance. At a later date Equifax and Experian also showed no balances owing to Sears. Also, LVNV Funding and Resurgent were not reporting any debt to the three major credit reporting agencies. Defendants were aware Ms. Garcia did not owe the alleged debt.

**Defendant Resurgent Impermissibly Accessed Ms. Garcia's credit report**

35. On or about June 16, 2009, Defendant Resurgent impermissibly accessed Plaintiff's Experian consumer credit report in violation of 15 U.S.C. § 1681b(f).

**Brachfeld Law Violates Cease Order, and Attempts to Collect Debt Not Owed**

36. On or about December 6, 2010, Defendants again began telephoning Ms. Garcia in an attempt to collect the debt allegedly owed.

37. Defendants telephoned Ms. Garcia about thirty-times (30) between early December 2010 and early February 2011, in violation of the cease and desist orders.

38. On or about January 26, 2011, Plaintiff returned Defendants' call in a further effort to get them to cease. Plaintiff spoke with a Mr. Palmer. Plaintiff attempted to explain this was a debt incurred by her ex-husband. Defendants responded that this debt was indeed Ms. Garcia's and that by federal law it was her responsibility. Ms. Garcia was forced to terminate the call.

39. On or about February 2, 2011, Ms. Garcia filed a complaint with the California Department of Consumer Affairs. Consumer Affairs suggested Ms. Garcia contact the Federal Trade Commission.

40. On or about February 4, 2011, Defendants called again, and continued calling in the days that followed (February 4, 5, 7, 8, 9, 2011).

41. Defendants left pre-recorded messages, during the time period above, stating they were attempting to collect a debt, that were overheard by other members of Ms. Garcia's household.

42. On or about February 5, 2011, Ms. Garcia reviewed her credit reports and learned that Resurgent had impermissibly accessed her Experian credit report on or about June 16, 2009.

43. On or about February 9, 2011, Ms. Garcia returned Defendants telephone calls and told Defendant that she had already sent them letters explaining that this was not her debt, she did not owe the debt, and that she refused to pay it.

44. Defendants then began to tell her that by federal law she was obligated to pay, at which time she hung up.

45. Defendants voice mail greeting indicates they record their calls.

46. On or about February 10, 2011, Defendants telephoned Ms. Garcia again and left another message. Ms. Garcia told Courtney that she returned their phone calls and told them she did not owe the debt, and sent them multiple letters explaining that this was not her debt, and she refused to pay. Courtney misrepresented that Ms. Garcia owed Sears $1,566.61.

47. Courtney asked Ms. Garcia if she had sent proof that it wasn't her debt. Ms. Garcia indicated it wad not her job to prove she did not owe the debt and hung up.

48. On or about February 11, 2011, Ms. Garcia called Resurgent. There voice mail greeting stating they manage accounts for Sherman Acquisitions and LVNV Funding.

49. Ms. Garcia spoke to a Jeremy Logan and asked why Resurgent accessed her credit report. Mr. Logan responded that he did not know. He then said LVNV was the current owner of the debt from a Sears account and that Brachfeld and Associates was the current servicer. Ms. Garcia informed Resurgent she was disputing the debt.

50. On or about February 11, 2011, Plaintiff sent yet another letter to Defendants, stating: "As I have told you repeatedly, I do not owe this debt, it was incurred by my husband after our divorce. It's his debt and I refuse to pay it."

51. At times Defendant Brachfeld stated there was vastly different amounts owing, including saying there was no more principal balance, just all interest owed.

52. DEFENDANTS failed to cease and desist. DEFENDANTS violated 15 U.S.C. §1692c.

53. DEFENDANTS engaged in conduct, the natural consequence to abuse, harass and annoy. DEFENDANTS violated 15 U.S.C. 1692d and Civil Code 1788.17.

54. DEFENDANTS used false, deceptive and misleading communications in an attempt to collect a debt, including material misrepresentations. DEFENDANTS violated 15 U.S.C. 1692e.

55. DEFENDANTS misrepresented the amount, character and nature of debt, and tried to collect an amount not owed by law or contract. DEFENDANTS violated 15 U.S.C. 1692e(2) and 1692f.

56. DEFENDANTS engaged in unfair and unconscionable means in an attempt to collect a debt. DEFENDANTS violated 15 U.S.C. 1692f.

## V. FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

57. Plaintiff incorporates by reference each paragraph alleged above.

58. The foregoing acts and omission of Defendants constitute violations of the FDCPA, including but not limited to: 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f.

59. Defendants violated 15 U.S.C §1692b by impermissibly communicating with third-parties.

60. Defendants violated 15 U.S.C. §1692c by failing to cease and desist.

61. Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence was to abuse, annoy and harass.

62. Defendants violated 15 U.S.C. 1692d(5) by making repeated and continuous calls in an attempt to collect a debt not even owed.

63. Defendants violated 15 U.S.C. §1692e, e(5) and e(10) by engaging in false, deceptive and misleading conduct in an attempt to collect a debt, threatening to take action they cannot lawfully take, and taking action they cannot lawfully take.

65. DEFENDANTS violated 15 U.S.C. 1692e(2) and 1692f, by misrepresenting the amount, nature and character of a debt, and attempted to collect a debt not owed by law or contract.

66. Defendants violated 15 U.S.C § 1692f by engaging in unfair and unconscionable means in an attempt to collect a debt.

67. As a result of the above violations of the FDCPA, DEFENDANTS are liable to PLAINTIFF for statutory damages, actual damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
(California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)

68. Plaintiff incorporates by reference each paragraph alleged above.

69. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.

70. Defendants violated Civil Code § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

71. Defendants also violated Cal. Civil Code § 1788.11, including but not limited to 1788.11(e), by communicating by telephone, with such frequency as to be unreasonable and to constitute a harassment under the circumstances.

72. Defendants' acts described above were done willfully and knowingly with the purpose of coercing PLAINTIFF into repaying the alleged debt within the meaning of Cal. Civil Code § 1788.30(b).

73. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code "are intended to be cumulative and in addition to any other remedies under any other law.

## VI. THIRD CLAIM FOR RELIEF – INTRUSION UPON SECLUSION

74. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

75. Defendants' outrageous, abusive, willful, knowing and malicious acts constituted intrusion upon Plaintiff's seclusion.

76. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

77. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

78. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress and actual injury as further described herein.

79. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

80. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## IX. FOURTH CLAIM - NEGLIGENCE

81. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as more fully stated herein.

82. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

83. Defendants were negligent.

84. Plaintiff suffered serious emotional distress.

85. Defendants' negligence was a substantial factor in causing Plaintiff's emotional distress.

86. Defendants breached a duty imposed by law or contract.

87. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m).

88. The breached of such duty proximately caused injury to Plaintiff.

89. The injury resulted from an occurrence the nature of which the statutes were designed to protect Plaintiff from.

90. Plaintiff was a member of the class of persons the statute was designed to protect.

91. Defendants' conduct as described herein was wrongful conduct in that the Defendant conducted their business in an abusive, oppressive, and harassing manner.

92. Defendants had reason to believe that an undue risk of harm would exist because of the employment of the agents and/or employees it employed to collect debts. Defendants had knowledge that the agents and/or employees it hired to collect debts could not be trusted to act properly without being properly supervised. Defendants ignored a risk that their agents and/or employees would act in an abusive and unlawful manner, and their agents and/or employees acted in an abusive and harassing manner. Defendants knew or should have known that the agents and/or employees it hired to collect debts posed a risk of harm to third persons in light of their positions as debt collectors.

93. Defendant was negligent in their training and supervisions of its agents and/or employees. Defendants' pattern and practice of incorrectly billing customers on cancelled orders, and

then continually harassing them with illegal collection activity (which is precisely the abuse to which Defendants subjected Plaintiff), demonstrates their negligent failure to adequately train and supervise those collecting debts allegedly owed to Defendants.

94. Defendants failed to reasonably monitor or control the actions of its agents and/or employees. Defendants failed to prevent its agents and/or employees from engaging in the acts that injured the plaintiff, and/or failed to remediate a pattern of behavior which lead to an injury.

95. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has cause the Plaintiff to suffer harm as described above.

96. It is clearly foreseeable that Defendants' actions as described herein could cause severe and serious emotional distress.

97. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

98. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant her the following relief from Defendants:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
3. Plaintiff's reasonable attorney fees;
4. Costs of the action; and
5. For such other and further relief as the Court may deem just and proper.

_____      3/14/11
Ronald Wilcox     Date
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

_____     3/14/11
Ronald Wilcox     Date
Attorney for Plaintiff

COMPLAINT - 13