# Ronald Wilcox • Attorney at Law
### REPRESENTING INDIVIDUALS IN ALL ASPECTS OF FINANCIAL REORGANIZATION AND BANKRUPTCY
TEL: (408) 296-0400 • FAX: (408) 296-0486

September 14, 2011

Hon. Edward Chen
United States District Court
450 Golden Gate Ave.
San Francisco, CA

Re: Case #: 11-01253 EJD
Garcia v. Resurgent Capital Services, LP, LVNV Funding LLC, The Brachfeld Law Group, P.C.
**Letter Requesting Deadline to File Joint Letter Regarding Discovery Dispute**

Dear Hon. Edward Chen,

Plaintiff needs the Court's assistance in having Defendants comply with the Court's Standing Order requiring the parties submit a joint letter to address discovery disputes. See Docket #29.

The parties began meeting and conferring on Defendants' discovery response back on August 4, 2011. When the parties could not resolve their differences Plaintiff took the following actions:

On August 22, 2011, Plaintiff sent Defendant's Resurgent Capital Services and LVNV a draft joint letter to submit to the Court in lieu of a Motion to Compel written discovery (pursuant to its Standing Order, see Docket #29). **Exhibit 1**.

On August 22, 2011, Defendants responded that they would address the matter. **Exhibit 2**.

On August 29, 2011, Defendants again indicated they would be responding shortly to the Plaintiff's request for Defendants' comments regarding a joint letter. **Exhibit 3**.

On August 29, 2011, Plaintiff requested that Defendants respond by August 30, 2011. **Exhibit 4**.

On September 1, 2011, Defendants indicated they were preparing a response for the joint letter and would provide it by Tuesday, September 6, 2011. **Exhibit 5**.

On September 9, 2011, Plaintiff again requested Defendants provide their comments for the joint letter. **Exhibit 6**.

## Ronald Wilcox • Attorney at Law
REPRESENTING INDIVIDUALS IN ALL ASPECTS OF FINANCIAL REORGANIZATION AND BANKRUPTCY

TEL: (408) 296-0400 • FAX: (408) 296-0486

It is now September 14, 2011, and Defendants have yet to provide their comments regarding a joint letter. This is particularly unfortunate since Defendants are currently holding on to documents that are responsive to the discovery requests (statements relating to the alleged debt, insurance coverage documents, written agreements with other parties, etc.).

Plaintiff understands that the Court prefers the parties not file unilateral statements. *Chattler v. United States*, 2009 U.S. Dist. LEXIS 43304, 2-3 (N.D. Cal. May 12, 2009). Thus, Plaintiff respectfully requests the Court enter an Order requiring Defendant to provide their comments regarding the joint letter by Wednesday, September 21, 2011, and that a joint letter be filed with the Court by Friday, September 23, 2011.

Respectfully submitted,

Ronald Wilcox

IT IS SO ORDERED:

_____
Edward M. Chen
U.S. District Judge

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 1

From: Ronald Wilcox <ronaldwilcox@me.com>
Subject: Garcia v. LVNV, et al., Joint Letter to Court
Date: August 22, 2011 11:42:53 AM PDT
To: David Dalby <ddalby@hinshawlaw.com>



Dear David,

Please add your comments to this joint letter.  Call me this afternoon if any
questions.

Thanks,

Ronald Wilcox
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@me.com


To the Hon. Edward Chen,

The parties have met and conferred and cannot resolve issues regarding
Defendant Resurgent Capital Services and LVNV Funding's discovery responses.
We believe additional briefing and a Motion to Compel regarding the items below
will be necessary. Thus, we hereby submit this joint letter pursuant to the
Court's standing order.

## Local Rules
Defendants' discovery responses failed to set forth the question in full before
each answer or objection.
L.R. 33-1, states, **"Form of Answers and Objections.** Answers and objections
to interrogatories must set forth each question in full before each answer or
objection." Requests to Admit and Request for Production of Documents have
similar rules.  However, Defendant refuses to supplement its defective discovery
responses. Thus, Plaintiff needs an Order from this Court compelling Defendants

to abide by the Local Rules and supplement the discovery responses.

## Telephone Billing Records (Request for Production 2)

This case is about unlawful telephone calls, thus all records relating to such are relevant. Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested;" and has failed to state the reason Defendant is unable to comply. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Insurance (RPD 5)

Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested." Defendant refuses to supplement. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Procedure manuals (RPD 7)

Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested;" and has failed to state the reason Defendant is unable to comply. Defendant refuses to supplement, and also refused to sign a stipulation that no such documents exist. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Credit Reports (RPD 8)

Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested;" and has failed to state the reason Defendant is unable to comply. Defendant refuses to supplement. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Agreements with other parties (RPD 10)

Defendants used other parties in an attempt to collect a debt from Plaintiff; however Defendant refuses to produce its written agreements with these other parties.
The Northern District of California has held this information must be disclosed. *Trevino v. ACB American,* 232 F.R.D. 612 (N.D. Cal. 2006)(compelling un-redacted version of the agreement). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this

information.

## Documents regarding financial condition and net worth- tax returns (RPD 10-11)

Plaintiff has alleged claims for punitive damages; however, Defendant refuses to answer discovery necessary to support those claims. The Northern District of California has held tax returns must be disclosed. *Fausto v. Credigy*, 251 F.R.D. 427 (N.D. Cal 2008). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

## Fact Witnesses (Interrogatory 1-3)

Plaintiff asked Defendant to identify potential fact witnesses.  Defendant has provided the names of two people who spoke with the Plaintiff, but has concealed their addresses and telephone numbers. Furthermore, Defendant has not disclosed the full names and contact information of sgambrell, icappiello, tthomas, lmarvin, dsprouse, and Kay Myers. Individuals who logged cease and desist letters received from Plaintiff, and who worked on Plaintiff's account.  The Northern District of California has held this information must be disclosed. *Fausto v. Credigy*.  Defendant also failed to provide the date, location and subject matter of each communication. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

## Affirmative Defenses (Int 4-6)

Defendant has alleged multiple affirmative defenses, but refuses to reveal facts, witnesses and documents regarding such affirmative defenses.  Furthermore, Defendants allege co-defendants may have procedures in place to prevent and avoid violating the Fair Debt Collection Practices Act, but fail to state the facts, witnesses and documents that support such belief. The Northern District of California has held this information must be disclosed. *Bretana v. International Collection Corp.,* 2008 U.S. Dist. LEXIS 79334 (N.D. Cal. 2008). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

# EXHIBIT 2

From: ddalby@hinshawlaw.com
Subject: Re: Garcia v. LVNV, et al., Joint Letter to Court
Date: August 22, 2011 2:54:22 PM PDT
To: Ronald Wilcox <ronaldwilcox@me.com>

Ron,

Thank you for your email.

I think we are getting closer to an agreed statement of issues, but your email raises some new issues that you had not previously raised, and I have to go back to try to understand how the new issues arose.

In any event, I will respond as soon as I can. Although I have three depositions in the next two days and a significant court appearance tomorrow afternoon.

Regards,

David Ian Dalby
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111

General 415-362-6000
Mobile 415-250-0910
Fax 415-834-9070

ddalby@hinshawlaw.com

Dear David,

Please add your comments to this joint letter. Call me this afternoon if any questions.

Thanks,

Ronald Wilcox
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@me.com


To the Hon. Edward Chen,

The parties have met and conferred and cannot resolve issues regarding
Defendant Resurgent Capital Services and LVNV Funding's discovery responses.
We believe additional briefing and a Motion to Compel regarding the items below
will be necessary. Thus, we hereby submit this joint letter pursuant to the
Court's standing order.

## Local Rules
Defendants' discovery responses failed to set forth the question in full before
each answer or objection.
L.R. 33-1, states, "**Form of Answers and Objections.** Answers and objections
to interrogatories must set forth each question in full before each answer or
objection." Requests to Admit and Request for Production of Documents have
similar rules.  However, Defendant refuses to supplement its defective discovery
responses. Thus, Plaintiff needs an Order from this Court compelling Defendants
to abide by the Local Rules and supplement the discovery responses.

## Telephone Billing Records (Request for Production 2)
This case is about unlawful telephone calls, thus all records relating to such are
relevant. Defendant fails to state, "that a dilligent search and reasonable inquiry
has been made in an effort to locate the item requested;" and has failed to state
the reason Defendant is unable to comply. Thus, Plaintiff needs an Order from
this court compelling Defendants to abide by the F.R.C.P supplement this
response.

## Insurance (RPD 5)
Defendant fails to state, "that a dilligent search and reasonable inquiry has been

made in an effort to locate the item requested." Defendant refuses to supplement. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Procedure manuals (RPD 7)

Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested;" and has failed to state the reason Defendant is unable to comply.  Defendant refuses to supplement, and also refused to sign a stipulation that no such documents exist. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Credit Reports (RPD 8)

Defendant fails to state, "that a dilligent search and reasonable inquiry has been made in an effort to locate the item requested;" and has failed to state the reason Defendant is unable to comply.  Defendant refuses to supplement. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P supplement this response.

## Agreements with other parties (RPD 10)

Defendants used other parties in an attempt to collect a debt from Plaintiff; however Defendant refuses to produce its written agreements with these other parties.
The Northern District of California has held this information must be disclosed. *Trevino v. ACB American,* 232 F.R.D. 612 (N.D. Cal. 2006)(compelling un-redacted version of the agreement). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

## Documents regarding financial condition and net worth- tax returns (RPD 10-11)

Plaintiff has alleged claims for punitive damages; however, Defendant refuses to answer discovery necessary to support those claims. The Northern District of California has held tax returns must be disclosed. *Fausto v. Credigy,* 251 F.R.D. 427 (N.D. Cal 2008). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

## Fact Witnesses (Interrogatory 1-3)

Plaintiff asked Defendant to identify potential fact witnesses.  Defendant has

provided the names of two people who spoke with the Plaintiff, but has concealed their addresses and telephone numbers. Furthermore, Defendant has not disclosed the full names and contact information of sgambrell, icappiello, tthomas, lmarvin, dsprouse, and Kay Myers. Individuals who logged cease and desist letters received from Plaintiff, and who worked on Plaintiff's account. The Northern District of California has held this information must be disclosed. *Fausto v. Credigy.* Defendant also failed to provide the date, location and subject matter of each communication. Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

## Affirmative Defenses (Int 4-6)
Defendant has alleged multiple affirmative defenses, but refuses to reveal facts, witnesses and documents regarding such affirmative defenses.  Furthermore, Defendants allege co-defendants may have procedures in place to prevent and avoid violating the Fair Debt Collection Practices Act, but fail to state the facts, witnesses and documents that support such belief. The Northern District of California has held this information must be disclosed. *Bretana v. International Collection Corp.,* 2008 U.S. Dist. LEXIS 79334 (N.D. Cal. 2008). Thus, Plaintiff needs an Order from this court compelling Defendants to abide by the F.R.C.P and disclose this information.

**Ronald Wilcox <ronaldwilcox@me.com>**          To David Dalby <ddalby@hinshawlaw.com>

                                                                                   cc

08/22/2011 11:42 AM                                    Subject Garcia v. LVNV, et al., Joint Letter to Court

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

# EXHIBIT 3

From:   ddalby@hinshawlaw.com
Subject:  Garcia v. LVNV, et al.
Date:   August 29, 2011 8:14:53 AM PDT
To:   Ronald Wilcox <ronaldwilcox@me.com>

Ron,

I received plaintiff's response to LVNV's request for production of documents.  Thanks.  I will try to review them today.

I will also be responding shortly to your email re a joint letter to Judge Chen.   I believe we are closer to resolving some of the issues.

Thanks

David Ian Dalby
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA  94111

General 415-362-6000
Mobile   415-250-0910
Fax      415-834-9070

ddalby@hinshawlaw.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this

communication or any attachments.

# EXHIBIT 4



From: Ronald Wilcox <ronaldwilcox@me.com>
Subject: Re: Garcia v. LVNV, et al.
Date: August 29, 2011 2:23:24 PM PDT
To: ddalby@hinshawlaw.com

Dear David,

I plan to file a letter regarding discovery with Judge Chen tomorrow afternoon, thus please reply today or tomorrow morning, so we can try to resolve this befoe the mediation.

You can also call me if that could help resolve any issues.

Thanks,

Ronald Wilcox
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@me.com

On Aug 29, 2011, at 8:14 AM, ddalby@hinshawlaw.com wrote:

> Ron,
>
> I received plaintiff's response to LVNV's request for production of documents.  Thanks.  I will try to review them today.
>
> I will also be responding shortly to your email re a joint letter to Judge Chen.    I believe we are closer to resolving some of the issues.

Thanks

David Ian Dalby
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA  94111

General 415-362-6000
Mobile   415-250-0910
Fax        415-834-9070

ddalby@hinshawlaw.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

# EXHIBIT 5

**From:** ddalby@hinshawlaw.com
**Subject:** Garcia v. LVNV, et al., Joint Letter to Court
**Date:** September 1, 2011 5:43:27 PM PDT
**To:** Ronald Wilcox <ronaldwilcox@me.com>

Ron,

I have been preparing my clients response for the joint letter, and I do not believe that we are very far apart. I am also awaiting some documents from my clients.

I will send you my clients' response for the draft letter on Tuesday, September 6.

Thanks


David Ian Dalby
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111

General 415-362-6000
Mobile  415-250-0910
Fax       415-834-9070

ddalby@hinshawlaw.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the

contents or take any action in reliance upon the information contained in this communication or any attachments.

# EXHIBIT 6



**From:** Ronald Wilcox <ronaldwilcox@me.com>
**Subject:** Re: Garcia v. LVNV, et al., Joint Letter to Court
**Date:** September 9, 2011 2:21:42 PM PDT
**To:** ddalby@hinshawlaw.com

Dear David,

I received no joint letter from Defendant on September 6, 2011. Please be kind enough to email it to me before 5 p.m. today so we can attempt to avoid burdening the Court.

Thank you,

Ronald Wilcox
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@me.com

On Sep 1, 2011, at 5:43 PM, ddalby@hinshawlaw.com wrote:

> Ron,
>
> I have been preparing my clients response for the joint letter, and I do not believe that we are very far apart. I am also awaiting some documents from my clients.
>
> I will send you my clients' response for the draft letter on Tuesday, September 6.
>
> Thanks

David Ian Dalby
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111

General 415-362-6000
Mobile 415-250-0910
Fax 415-834-9070

ddalby@hinshawlaw.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.