DAVID I. DALBY (SBN: 114750)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070
ddalby@hinshawlaw.com

Attorneys for Defendants
RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA, <br><br> Plaintiff, <br><br> vs. <br><br> RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a. BRACHFELD & ASSOCIATES, P.C. and DOES 1-10, <br><br> Defendants. | Case No.: 11cv-01253 EMC <br><br> **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S NOTICE OF MOTION, NOTICE OF ADOPTION OF DEFENDANT BRACHFELD LAW GROUP, P.C.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 56(c)(2) AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: March 23, 2012 <br> Time: 1:30 p.m. <br> Hon. Edward M. Chen <br><br> Complaint Filed:   March 15, 2011 |

## I.     NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE THAT at the date and time referenced above, or soon thereafter as the Court may hear this matter, in the Courtroom of the Honorable Edward M. Chen, located at the United States Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, defendants Resurgent Capital Services LP and LVNV Funding LLC (collectively "LVNV") will and hereby do adopt defendant

1

Brachfeld Law Group PC's ("Brachfeld") motion for summary judgment and LVNV hereby moves the Court for an order, pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, dismissing plaintiff's complaint.

This motion is made on the grounds that plaintiff's Fair Debt Collection Practices Act-based ("FDCPA") claims fail as a matter of law, because plaintiff has not alleged, and cannot allege, facts sufficient to establish that Brachfeld ever attempted to collect the debt described in plaintiff's complaint, and any other alleged conduct toward plaintiff by LVNV occurred before the one (1) year statute of limitations for FDCPA claims and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

This motion will be based on this Notice of Motion, Notice of Adoption of Brachfeld Motion, the Brachfeld Motion, the Memorandum of Points and Authorities in support of the Brachfeld Motion, the Brachfeld Separate Statement Undisputed Facts and; all other papers on file in this action; and such other and further evidence or arguments as the Court may allow.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

As discussed in Brachfeld's moving papers which LVNV adopts in their entirety for the purpose of this motion, plaintiff has failed to properly allege a cause of action against all LVNV because (1) any supposedly actionable conduct by LVNV relating to the debt described in plaintiff's complaint occurred before the one (1) year statute of limitations for FDCPA and RFDCPA claims, (2) and LVNV's nominal agent, Brachfeld, never attempted to collect on the debt described in plaintiff's complaint, a debt allegedly arising from plaintiff's former husband purchase of aluminum siding. Plaintiff has not alleged any facts to state a prima facie case that LVNV have any potential FDCPA and/or RFDCPA liability relating to the debt identified in plaintiff's complaint.

Accordingly, as the undisputed facts in support of Brachfeld's motion also entitle LVNV to summary judgment as well, LVNV adopts Brachfeld's motion in its entirety. See, California Practice Guide; Federal Civil Procedure before Trial (Rutter Group 2011)

2

DEFENDANTS' NOTICE OF MOTION AND NOTICE OF ADOPTION OF DEFENDANT
BRACHFELD LAW GROUP, P.C.'S MOTION FOR SUMMARY JUDGMENT -- CASE NO. 11CV-01253 EMC

3096346 0922519

Chapter 12, section 12:27, p. 2941; *Vazquez v. Central States Joint Board* (ND IL 2008) 547 F.Supp.2d 833, 867 ("It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency.")

As discussed above, plaintiff alleges that Brachfeld and LVNV are debt collectors. The only distinction being that plaintiff contends that LVNV is vicariously liable for Brachfeld's conduct. While this distinction affords LVNV an additional grounds for a motion for summary judgment because Brachfeld was an independent contractor whose conduct LVNV did not control or direct, for the purpose of this motion, there is no significance to the distinction. Plaintiff has not stated a cause of action for an FDCPA claim or RFDCPA claim based upon the allegations in her complaint and her admission at her deposition that the debt described in the complaint is not the subject of this action.

### III. CONCLUSION

The Court should grant LVNV's and Resurgent's Rule 56(c)(2) motion for summary judgment as to the claims for violation of the FDCPA and RFDCPA because plaintiff has failed to allege facts that (1) any of LVNV's conduct relating to the debt alleged in the complaint occurred within the 1 year statute of limitations; and (2) Brachfeld's alleged conduct within the 1 year statute of limitations did relate not to or arise out of the debt described in plaintiff's complaint.

DATED: February 15, 2012         HINSHAW & CULBERTSON LLP

By: /David I. Dalby
    David I. Dalby
    Attorneys for LVNV RESURGENT
    CAPITAL SERVICES L.P., LVNV
    FUNDING, LLC

3