Jonathan W. Birdt [SB# 183908]
Jbirdt@brachfeldcollections.com
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867
Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA, | Case No.: CV11-01253 |
| Plaintiff, | **REPLY BRIEF RE MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a BRACHFELD & ASSOCIATES, P.C., and DOES 1-10, | Date: March 23, 2012<br>Time: 1:30 p.m.<br>Judge: Edward M. Chen |
| Defendant | |

## I. INTRODUCTION

Close does not apply in FDCPA litigation, and Plaintiff was given a chance to amend her complaint or refute the legal authority cited that a denial of debt is debt specific. The undisputed evidence is that Plaintiff sued on an account belonging to her ex-husband and defendants collected on an account not even mentioned in the complaint, but admitted in discovery.

Plaintiff does not dispute that BLG never attempted to collect the debt referenced in her complaint and in fact admits that BLG was only attempting to collect a debt she now admits owing, but did not sue for. Opposition at Page 16, Lines 14-15. Apparently, to correct this error, Plaintiff now argues, contrary to the legal authority cited, that her specific denial of her ex-husbands debt, somehow become an order prohibiting BLG from ever contacting her for any other debt ever again, and more importantly, creates liability regarding the debt referenced in her complaint even though she admits BLG had nothing to do with that debt. Opposition at Page 15, Lines 7-8.

Likewise, Plaintiff talks about a number of irrelevant matters and refers to 50 calls having been placed, but fails to discuss or offer any proof as required, because as pointed out in the moving papers, call volume alone does not create liability. The law cited in the moving papers is very clear, as are the letters to BLG referenced herein, to wit, a denial of debt applies to the debt referenced and Plaintiff offers no contrary authority. The complaint does not reference the freezer debt and plaintiff does not suggest BLG ever violated the FDCPA regarding their efforts to contact Plaintiff to secure payment for a freezer she purchased but did not pay for.

## II. TWO DEBTS

Plaintiff has not offered any legal authority to counter the clear debt specific language of Section 1692c(c) which specific limits contact only to the specific debt. Plaintiff also admits there are two debts, but has pled and seeks to recover only based upon one, the one Defendant had nothing to do with.

> In cases like the instant one, where the moving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admission on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided by this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to

interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."
*Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 324

Such failure to provide any evidence, or factual information supporting any theory of liability, necessitates the granting of the motion for Summary Judgment. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element on her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett (1986) 477 U.S. 317, 323.

The non-moving party may not rely on the pleadings alone, but must present specific facts creating a genuine issue of material fact through affidavits, depositions, or answers to interrogatories. Fed.R. Civ. P. 56(e); Celotex, 477 U.S. at 324. However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. Id.; Surrell v. Cal. Water Serv. Co., (2008) 518 F.3d 1097, at 1103.

### III. CALLS NOT HARASSMENT

While the opposition refers to 50 calls, it does not address the substantive legal requirements that go beyond mere call volume. The Plaintiff must plead and prove that the collector intended to annoy, abuse or harass in order to prevail. See, e.g., *Clark v. Capital Credit & Collection Servs, Inc.*, (2006) 460 F.3d 1162, at 1176. Section 1692d (5) of the FDCPA prohibits collectors "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5) (emphasis added). The FDCPA is often described as a "strict liability" statute, but this is **not** true for a section 1692d(5) claim. The plaintiff must plead and prove that the collector intended to annoy, abuse or harass in order to prevail. See, e.g., Clark v. Capital Credit & Collection Servs, Inc., (2006) 460 F. 3d 1162, at 1176.

The Plaintiff must plead and prove that the collector intended to annoy, abuse or harass in order to prevail. See, e.g., *Clark v. Capital Credit & Collection Servs, Inc.*, (2006) 460 F.3d 1162, at 1176. In fact, Plaintiff's Complaint only refers to TWO conversations with a collector, and the remaining calls, by assumption, are either messages or taken from Caller ID; however, to establish a violation of section 1692d(5), the consumer must show that the calls were made "repeatedly or continuously" and that they were made with the intent to annoy, abuse, or harass.

The FDCPA does not contain any bright-line rules setting forth the permissible number of calls a collector can place in a day, week, month or year without violating section 1692d(5). When deciding if a collector has violated section 1692d(5), courts consider both the volume and the pattern of the calls. See Katz v. Capital One, 2010 WL 1039850, (E.D. Va. Mar. 18, 2010); Saltzman v. I.C. Sys., Inc., 2009 WL 2190359, (E.D. Mich. Sept. 30, 2009); see also Martin v. Select Portfolio Serving Holding Corp., 2008 WL 618788, (S.D. Ohio Mar. 3, 2008) ("In determining whether the debt collector intended to annoy, abuse and harass the consumer, the Court may consider frequency, persistence, and volume of the telephone calls."); Sanchez v. Client Services, Inc., 520 F. Supp. 2d 1149 (N.D. Cal. 2007) (summary judgment for consumer on section 1692d(5) claim where collector placed 54 telephone calls to debtor's place of employment during six month period, including 17 calls in one month and six on one day); Akalwadi v. Risk Management Alternatives, Inc.,336 F. Supp. 2d 492, 505-06 (D. Maryland 2004) (summary judgment denied on section 1692d(5) claim; 28 calls in two month period, including periods of daily calls, and three calls on one day); Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1453 (D. Nev.1994) (six calls to consumer's place of employment within twenty-four minutes constituted harassment under section 1692d(5)).

## IV. CONCLUSION

Rather than concede Plaintiffs failure of recollection and amend the complaint to state a viable theory of liability, Plaintiff has sought to obfuscate and patch multiple irrelevant thoughts together, all the while ignoring the actual legal requirements, but admitting the essential facts at issue herein leaving no dispute of any material fact or dispute of the law cited and relied upon in the moving papers to show Plaintiff cannot prove at least one essential element of her claim.  As such, it is respectfully submitted that Plaintiffs complaint fails to state a legally cognizable claim for relief against Defendants under the FDCPA or RFDCPA and Defendants should be granted Summary Judgment.

Date: February 16, 2012              Respectfully Submitted,

                                          **THE BRACHFELD LAW GROUP, P.C.**

                                          By: /s/ Jonathan W. Birdt
                                          Jonathan W. Birdt, Esq.