DAVID I. DALBY (SBN: 114750)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:   415-834-9070
ddalby@hinshawlaw.com

Attorneys for Defendants
RESURGENT CAPITAL SERVICES
L.P., LVNV FUNDING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA, | Case No.: 11cv-01253 EMC |
| Plaintiff, | REPLY BRIEF OF DEFENDANT RESURGENT CAPITAL SERVICES, LP AND LVNV FUNDING, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a. BRACHFELD & ASSOCIATES, P.C. and DOES 1-10, | Date: March 23, 2012<br>Time: 1:30 p.m.<br>Hon. Edward M. Chen |
| Defendants. | Complaint Filed:   March 15, 2011 |

## I.   REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

While extremely voluminous and misdirected, plaintiff's opposition does nothing to alter the circumstances of this case that her Fair Debt Collection Practices Act-based ("FDCPA") claims fail as a matter of law. Plaintiff has not alleged, and cannot allege, facts sufficient to establish that Brachfeld ever attempted to collect the debt described in plaintiff's complaint, and any other alleged conduct toward plaintiff by LVNV occurred

1

before the one (1) year statute of limitations for FDCPA claims and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Indeed, the opposition only serves to emphasize the deficiencies in plaintiff's claims. Plaintiff has completed exhaustive discovery and has not put before the court any evidence to establish that LVNV and Resurgent (collectively "LVNV") have any liability for the claims made in her complaint. In the documents submitted by plaintiff and the testimony of the parties and witnesses, there is a complete absence of evidence proving that LVNV has any liability. LVNV is entitled to judgment as a matter of law on all of plaintiff's claims because LVNV is not vicariously liable for Breachfeld's alleged conduct.

## II. PLAINTIFF'S COMPLAINT DOES NOT STATE A CAUSE OF ACTION

As discussed in Brachfeld's Reply Brief, which LVNV adopts for the purpose of this motion, plaintiff has failed to properly allege a cause of action against all LVNV because (1) any supposedly actionable conduct by LVNV relating to the debt described in plaintiff's complaint occurred before the one (1) year statute of limitations for FDCPA and RFDCPA claims, (2) and LVNV's nominal agent, Brachfeld, never attempted to collect on the debt described in plaintiff's complaint, a debt allegedly arising from plaintiff's former husband purchase of aluminum siding. Plaintiff has not alleged any facts to state a prima facie case that LVNV have any potential FDCPA and/or RFDCPA liability relating to the debt identified in plaintiff's complaint.

Except for a telephone call that Garcia made to Resurgent, all of LVNV's supposed direct contact with plaintiff clearly occurred more than one (1) year before she filed her complaint and therefore does not provide grounds for this suit, no matter how supposedly egregious. The only argument plaintiff attempts to make against LVNV is for vicarious liability for Brachfeld's conduct. Plaintiff cites the Resurgent Network Collection Attorney Agreement with Brachfeld, (Plaintiff's Exhibit 9), and refers to some language from the Agreement, Opposition Brief, 22:11 - 23:2, that has nothing to do with the facts of this case, and does not demonstrate any evidence that LVNV ever exercised

2

any direction or control over Brachfeld's performance of its independent contractor duties with respect to Garcia or any other debtor. Thus, neither the behavior of any of the parties, nor the Network Agreement, provides any basis for holding LVNV liable.

Significantly, plaintiff took the deposition of Brachfeld's corporate designee, Jonathon Birdt, and had the opportunity at that deposition to establish that LVNV supposedly directed Brachfeld's conduct within 1 year of filing this suit. Plaintiff has filed a copy of a portion of the transcript from Mr. Birdt's deposition (Plaintiff's Exhibit 1), but plaintiff does not cite any testimony at Mr. Birdt's deposition that would remove this case from the general rule of nonliability by a principal for an agent's alleged conduct going beyond the scope of the agency, as explained below. Specifically, plaintiff does not cite any testimony by Mr. Birdt or other evidence that Brachfeld began calling Garcia in November, 2010 at the direction of LVNV. To the contrary, plaintiff Opposition Brief asserts that by April, 2009, plaintiff's debt to Sears / LVNV had been deleted by the major credit reporting agencies.

> **"On or about April 3, 2009, Transunion responded by indicating the debt to LVNV Funding, LLC, was deleted, and the debt to Sears was updated to show a $0 balance. At a later date Equifax and Experian also showed no balances owing to Sears. Id. Also, LVNV Funding and Resurgent were not reporting any debt to the three major credit reporting agencies. Id."**

Plaintiff's Opposition Brief, 11:20 -24.

Thus, there is no evidence that beginning in April, 2009, LVNV ever took any action that resulted in the Brachfeld calls to Garcia after that date. By plaintiff's own proof, there is no evidence to take this case to trial against LVNV, Brachfled was an independent contractor as a matter of law, and LVNV did not direct Brachfeld's supposed actionable behavior in 2010 and 2011. Plaintiff had every opportunity to develop

3

evidence that LVNV directed Brachfeld to start making calls to Garcia at the deposition of Mr. Birdt and the deposition of LVNV's and Resurgent's corporate designee, Jean Paul Torres (Plaintiff's Exhibit 2) but did not do so. There was no such evidence developed because LVNV did not tell Brachfeld to make the calls, why would they, on their records, as plaintiff demonstrates, the debt had been deleted!

The Network Agreement and the testimony of the parties prove as a matter of law that LVNV cannot be liable to Garcia. There is no evidence to support a departure from the written agreement of LVNV and Brachfeld to create a liability for LVNV that the parties contemplated.

Plaintiff ignores clear California law that principal is not strictly liable for the behavior of its agent. This case concerns a single, short telephone call that Garcia made to Resurgent within one year of filing suit, during which, Garcia concedes, nothing untoward or objectionable occurred. Remarkably, her personal notes do not show the call even occurred, the event was so innocuous.

Even assuming that LVNV might have potential vicarious liability for Brachfeld's alleged statutory violations, Brachfeld was an independent contractor and pursuant to its agreement with Resurgent was required to comply with all applicable laws relating to the collection of debts, including specifically the Fair Debt Collections Practices Act. See Plaintiff's Exhibit 9, Article XIII, *Independent Contractor* (p. 13) and Article XV, *Policies and Procedures* (p.15), Section 15.03:

> **Network must comply with all requirements of Federal, State and Local Law regarding the collection of Referred Accounts placed for Services and the Agreement.**

LVNV cannot be vicariously liable for Brachfeld's alleged conduct that violated the FDCPA that LVNV did not have advance knowledge of, did not ratify, and which alleged conduct was specifically prohibited by the parties' agreement. California Civil Code §3294(b); Witkin, *Summary of California Law,* Chapter IX, Torts, XVII, Damages:

In General; C. Punitive or Exemplary Damages;6. Proper and Improper Defendants; b. Employer;§1581, General Rule of Nonliability.

There is simply no evidence in this case to support the allegation that LVNV and Resurgent knew of, approved, or directed Brachfeld's supposed conduct. Brachfeld was an independent contractor whose conduct LVNV did not control or direct. Plaintiff has not stated a cause of action for an FDCPA claim or RFDCPA claim based upon the allegations in her complaint and her admission at her deposition that the debt described in the complaint is not the subject of this action. LVNV cannot be liable for any of the claims made by plaintiff, including the tort claims.

### III. CONCLUSION

The Court should grant LVNV's and Resurgent's motion for summary judgment as to the claims for violation of the FDCPA and RFDCPA because plaintiff has failed to allege facts that (1) any of LVNV's conduct relating to the debt alleged in the complaint occurred within the 1 year statute of limitations; (2) Brachfeld's alleged conduct within the 1 year statute of limitations did relate not to or arise out of the debt described in plaintiff's complaint., and as the evidence cited by plaintiff herself establishes, LVNV cannot be liable for its independent contractor's alleged conduct that did occur within the 1 year statute of limitations.

DATED: March 9, 2012        HINSHAW & CULBERTSON LLP

By: /David I. Dalby/
    David I. Dalby
    Attorneys for LVNV RESURGENT
    CAPITAL SERVICES L.P., LVNV
    FUNDING, LLC