```
1  DAVID I. DALBY (SBN: 114750)
   HINSHAW & CULBERTSON LLP
2  One California Street, 18th Floor
   San Francisco, CA 94111
3  Telephone:   415-362-6000
   Facsimile:   415-834-9070
4  ddalby@hinshawlaw.com

5  Attorneys for Defendants
   RESURGENT CAPITAL SERVICES
6  L.P., LVNV FUNDING, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA<br><br>　　　Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a. BRACHFELD & ASSOCIATES, P.C. and DOES 1-10,<br><br>　　　Defendants. | Case No.: 11cv-01253 EMC<br><br>**DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 56(c)(2) AND FEDERAL RULES OF EVIDENCE, RULES 4101 – 404, 901**<br><br>Date: March 23, 2012<br>Time: 1:30 p.m.<br>Hon. Edward M. Chen<br><br>Complaint Filed:　March 15, 2011 |

### I. OBJECTIONS TO INADMISSIBLE EVIDENCE PROFFERED BY PLAINTIFF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE THAT defendants Resurgent Capital Services LP and LVNV Funding LLC (collectively "LVNV") will and hereby do object to various papers and other inadmissible evidence submitted by plaintiff in opposition to defendant Brachfeld Law Group PC's ("Brachfeld") motion for summary judgment and LVNV

1

DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT -- CASE NO. 11CV-01253 EMC

3108532 0922519

hereby moves the Court for an order, pursuant to Rule 56(c)(2) excluding the evidence from consideration in ruling on the pending motion.

## II. FEDERAL RULES OF EVIDENCE

In opposing the pending motions for summary judgment, plaintiff has filed a collection of papers and other materials that are unauthenticated and inadmissible for any purpose in ruling on the motions.

***Rule 401. Test for Relevant Evidence***

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

***Rule 402. General Admissibility of Relevant Evidence***

Relevant evidence is admissible unless any of the following provides otherwise:

• the United States Constitution;

• a federal statute;

• these rules; or

• other rules prescribed by the Supreme Court.

**Irrelevant evidence is not admissible.** (emphasis added)

***Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons***

2

DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY -- CASE NO. 11CV-01253 EMC

3108532 0922519

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

***Rule 404. Character Evidence; Crimes or Other Acts***

(a) Character Evidence.

(1) ***Prohibited Uses.*** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

***Rule 901. Authenticating or Identifying Evidence***

(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

The summary judgment statute, FRCP Rule 56(c)(2) provides:

**(2) Objection That a Fact Is Not Supported by Admissible Evidence**

**A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.**

III. THE EVIDENCE TO BE EXCLUDED

This motion is made on the grounds that plaintiff's Fair Debt Collection Practices Act-based ("FDCPA") claims fail as a matter of law, because plaintiff has not alleged, and cannot allege, facts sufficient to establish that Brachfeld ever attempted to collect the debt described in plaintiff's complaint, and any other alleged conduct toward plaintiff by

3

DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY -- CASE NO. 11CV-01253 EMC

3108532 0922519

1 LVNV occurred before the one (1) year statute of limitations for FDCPA claims and the
2 California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

3     Instead of addressing the issue raised by the motion, plaintiff's opposition is an
4 irrelevant exercise in character assassination and mudslinging directed at the defendants
5 that has nothing to do with the facts of this case. The opposition does not address her
6 failure to properly allege a cause of action at all against LVNV because (1) any
7 supposedly actionable conduct by LVNV relating to the debt described in plaintiff's
8 complaint occurred before the one (1) year statute of limitations for FDCPA and
9 RFDCPA claims, (2) LVNV's nominal agent, Brachfeld, never attempted to collect on
10 the debt described in plaintiff's complaint, a debt allegedly arising from plaintiff's former
11 husband purchase of aluminum siding and (3) as the evidence cited by plaintiff herself
12 establishes, LVNV cannot be liable for its independent contractor's alleged conduct that
13 did occur within the 1 year statute of limitations.

14     Plaintiff refers to numerous materials that have not been properly authenticated by
15 a declaration or request for judicial notice and even if their had been authenticated, the
16 contents are inadmissible because the contents of the papers are not relevant and are
17 heresy upon heresy. Accordingly, LVNV objects to following exhibits filed by plaintiff
18 in opposition to the motion pursuant to Federal Rules Of Civil Procedure, Rule 56(c)(2),
19 and Federal Rules of Evidence, Rules 401-404, and 901., plaintiff's

20     1.    Exhibit 3
21     2.    Exhibit 4
22     3.    Exhibit 5

23 **IV. CONCLUSION**
24     The Court should grant LVNV's and Resurgent's Rule 56 motion for summary
25 judgment as to the claims for violation of the FDCPA and RFDCPA because plaintiff has
26 failed to allege facts that (1) any of LVNV's conduct relating to the debt alleged in the
27 complaint occurred within the 1 year statute of limitations; (2) Brachfeld's alleged

28

4

DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY -- CASE NO. 11CV-01253 EMC

3108532 0922519

1  conduct within the 1 year statute of limitations did relate not to or arise out of the debt
2  described in plaintiff's complaint, and (3) LVNV is not vicariously liable for Brachfeld's
3  supposed conduct.

4  DATED: March 9, 2012                    HINSHAW & CULBERTSON LLP

6                                          By:  /David I. Dalby
                                                David I. Dalby
7                                               Attorneys for LVNV RESURGENT
                                                CAPITAL SERVICES L.P., LVNV
8                                               FUNDING, LLC

5

---

DEFENDANT RESURGENT CAPITAL SERVICES, LP'S AND LVNV FUNDING, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN THE OPPOSITION TO MOTIONS FOR SUMMARY -- CASE NO. 11CV-01253 EMC

3108532 0922519