# EXHIBIT 1

(Addendum, containing specific Exhibit pages referenced in Plaintiff's Opposition to Motion for Summary Judgment (Docket #85) and the accompanying Declaration of Ronald Wilcox (Docket #85-1), but inadvertently omitted from the earlier e-filing)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DONNA GARCIA,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    ) No. 11-01253 EMC
                                       )
RESURGENT CAPITAL FINANCIAL            )
SERVICES, INC., LVNV FUNDING,          )
LLC, THE BRACHFELD LAW GROUP,          )
P.C., et al.,                          )
                                       )
            Defendants.                )
_____)

VOLUME I

DEPOSITION OF THE BRACHFELD LAW GROUP, PC'S CORPORATE

DESIGNEE PURSUANT TO FRCP 30(B)(6)

(JONATHAN BIRDT, ESQ.)

Toluca Lake, California

Tuesday, November 1, 2011

REPORTED BY:

KRISTIN L. MATTSEN
CSR NO. 12897

JOB NO.
68357WIL/A

```
 1              IN THE UNITED STATES DISTRICT COURT

 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                    SAN FRANCISCO DIVISION

 4

 5   DONNA GARCIA,                    )
                                      )
 6                  Plaintiff,        )
                                      )
 7   vs.                              )  No. 11-01253 EMC
                                      )
 8   RESURGENT CAPITAL FINANCIAL      )
     SERVICES, INC., LVNV FUNDING,    )
 9   LLC, THE BRACHFELD LAW GROUP,    )
     P.C., et al.,                    )
10                                    )
                    Defendants.       )
11   _____)

12

13

14              Deposition of THE BRACHFELD LAW GROUP, PC'S

15              CORPORATE DESIGNEE PURSUANT TO FRCP

16              30(B)(6) (JONATHAN BIRDT, ESQ.), VOLUME I,

17              taken on behalf of the Plaintiff, at 10868

18              Kling Street, Toluca Lake, California,

19              commencing at 8:44 a.m., on Tuesday,

20              November 1, 2011, before Kristin L.

21              Mattsen, CSR No. 12897, a Certified

22              Shorthand Reporter in and for the County of

23              Los Angeles, State of California.

24

25
```

```
 1   APPEARANCES:

 2

 3   FOR THE PLAINTIFF:

 4       LAW OFFICE OF RONALD WILCOX
         BY:  RONALD WILCOX
 5            Attorney at Law
              (Skype appearance, present until noted)
 6            - and -
         BY:  PAUL NATHAN
 7            Attorney at Law
              (Skype appearance, present until noted)
 8       1900 The Alameda
         Suite 530
 9       San Jose, California 95126
         408.296.0400
10

11   FOR THE DEFENDANT THE BRACHFELD LAW GROUP, PC:

12       THE BRACHFELD LAW GROUP, PC
         BY:  JONATHAN BIRDT
13            Attorney at Law
         880 Apollo Street
14       Suite 155
         El Segundo, California 90245
15       888.765.0555

16
     FOR THE DEFENDANTS RESURGENT CAPITAL SERVICES, LP,
17   AND LVNV FUNDING, LLC:

18       HINSHAW & CULBERTSON LLP
         BY:  DAVID IAN DALBY
19            Attorney at Law
              (Telephonic appearance, present until noted)
20       One California Street
         18th Floor
21       San Francisco, California 94111
         415.362.6000
22


23
     Also Present:
24
         BETTY GONZALEZ (Present where noted)
25
```

3

1   A   Well, I think the problem we have is the
2   confusion in accounts and the subsequent initiation of
3   contact by Ms. Garcia wherein she admitted it was her
4   debt, so certainly we have an unusual fact pattern here,
5   but I don't believe anything violates our policies or
6   procedures.
7   Q   I take it these attempts to continue to collect
8   the debt from Ms. Garcia in November of 2010 were also
9   consistent with Resurgent's policies?
10   A   I don't know.
11   Q   When attempting to collect in November 2010
12   from Ms. Garcia, you were doing so for Resurgent; isn't
13   that correct?
14   A   No.
15   Q   Who were you doing it for?
16   A   It appears LVNV.
17   Q   And where do you see that?
18   A   On the first page of the notes, page -17.
19   Q   So what Bates-stamped page are you on?
20   A   Page -17.
21   Q   So where on page -17 does it show you that
22   Brachfeld was attempting to collect for LVNV in November
23   of 2010?
24   A   I believe I've actually redacted out the client
25   information, and I could unredact the part that says

115

1  Garcia?

2      Q     There are telephone calls placed by Brachfeld
3  to the phone No. (707) 263-9309; isn't that right?

4      A     There are.

5      Q     Are you able to total up those calls on
6  Bates-stamped pages -26 and -27 and let us know what
7  your total is?

8      A     So you want just phone calls specifically
9  identified as to that number or calls placed to Donna
10  Garcia?

11      Q     Why don't we first start with the calls placed
12  to that telephone number.

13      A     Okay. I count 38 calls to that phone number in
14  an attempt to collect the freezer debt.

15      Q     And that is between the dates November 24th,
16  2010, and February 10th, 2011?

17      A     Yes.

18      Q     Has Brachfeld Law Group spoken to any of the
19  individuals whose initials are in these notes regarding
20  these telephone calls placed to the (707) 263-9309
21  number?

22      A     No.

23      Q     Do you make some distinction between telephone
24  calls placed to this telephone number and telephone
25  calls placed to Ms. Garcia?

127

# EXHIBIT 2

(Addendum, containing specific Exhibit pages referenced in Plaintiff's Opposition to Motion for Summary Judgment (Docket #85) and the accompanying Declaration of Ronald Wilcox (Docket #85-1), but inadvertently omitted from the earlier e-filing)

UNITED STATES DISTRICT COURT
DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

DONNA GARCIA,

        Plaintiff,           C.A. No.
                            11-01253 EMC

vs.

RESURGENT CAPITAL FINANCIAL SERVICES, INC.; LVNV
FUNDING, LLC; THE BRACHFELD LAW GROUP, P.C., ET AL.,

        Defendants.

VIDEOTAPED
DEPOSITION OF:    JEAN PAUL TORRES
DATE:              November 9, 2011
TIME:              11:10 a.m.
LOCATION:         A. WILLIAM ROBERTS, JR. & ASSOCIATES
                   1200 Woodruff Road, Suite A-3
                   Greenville, South Carolina
TAKEN BY:         Counsel for Plaintiff
REPORTED BY:      KATHY P. TAYLOR,
                   Registered Professional Reporter

A. WILLIAM ROBERTS, JR. & ASSOCIATES
Fast, Accurate & Friendly

| Charleston, SC | Hilton Head, SC | Myrtle Beach, SC |
| --- | --- | --- |
| (843) 722-8414 | (843) 785-3263 | (843) 839-3376 |
| Columbia, SC | Greenville, SC | Charlotte, NC |
| (803) 731-5224 | (864) 234-7030 | (704) 573-3919 |

Page 2

```
1    APPEARANCES OF COUNSEL
2    ATTORNEYS FOR PLAINTIFF
     DONNA GARCIA (appearing via videoconference):
3
             LAW OFFICES OF RONALD WILCOX
4            BY:  RONALD WILCOX
             1900 The Alameda, Suite 530
5            San José, CA  95126
             (408) 296-0400
6            ronaldwilcox@post.harvard.edu
7    ATTORNEYS FOR DEFENDANTS
     RESURGENT CAPITAL FINANCIAL SERVICES, INC.; LVNV
8    FUNDING, LLC:
9            HINSHAW & CULBERTSON, LLP
             BY:  NABIL G. FOSTER
10           222 North LaSalle Street, Suite 300
             Chicago, IL 60601-1081
11           (312) 704-3000
             nfoster@hinshawlaw.com
12
13      (Index at rear of transcript)
14
15
16
17
18
19
20
21
22
23
24
25
```

1     A.    Per our policies, it was supposed to be
2  forwarded.  If it has, it should be attached to our
3  exhibits, but I can't recall at the moment.
4     Q.    Did you review the computer system before
5  coming here today to see if this letter was forwarded
6  to Resurgent Capital?
7     A.    I did review our system, and I did look at
8  all the letters, but I can't remember if this
9  particular one was or was not forwarded.
10    Q.    In your review of the system, did you
11  identify letters that were forwarded to Resurgent by
12  the various collection agencies that have handled
13  this account?
14    A.    Yes.
15    Q.    Which letters were forwarded to Resurgent?
16    A.    There was a letter from a collection
17  agency, Academy, and Brachfeld, that I can currently
18  recall.
19    Q.    And where did you find that information?
20    A.    That information was stored in our imaging
21  system called OnBase.
22    Q.    So were the actual letters present in
23  OnBase?
24    A.    Yes.  There were numerous letters in
25  OnBase.

```
1       A.   No.
2       Q.   I take it, then, you didn't speak with him
3   personally?
4       A.   No.  I did not.
5       Q.   There was a reference back on Exhibit 1,
6   R-72, to an AMCS.  What is that?
7       A.   AMCS is the name of the system where this
8   information is housed.
9       Q.   When -- when Resurgent placed this LVNV
10  Funding account with Brachfeld, what information did
11  Resurgent provide the Brachfeld office?
12      A.   The consumer name, address, account
13  information, balances, the type of account, things
14  like that.
15      Q.   Did Resurgent provide to Brachfeld these
16  letters that had been received from Ms. Garcia that
17  appear in Resurgent's OnBase system?
18      A.   Yes.  Those letters are -- would have been
19  forwarded to Brachfeld Law Group.
20      Q.   Okay.  So I take it the Sears, CitiCard,
21  and Academy Collections cease-and-desist letters that
22  Ms. Garcia would have all been transferred to
23  Brachfeld when Resurgent gave Brachfeld the account?
24      A.   Well, those -- I believe those letters were
25  sent or received after Brachfeld had the account, and
```

```
 1   then they were forwarded at the time of receipt.
 2        Q.   Okay.  Let's take a look back at Exhibit,
 3   R-72.  It's my understanding that on October 19th,
 4   '06, and October 25th, '06, is when Resurgent noted
 5   the Sears, CitiCard, and Academy Collections
 6   cease-and-desist letters.  Is that right?
 7        A.   Correct.  I believe so, yes.
 8        Q.   All right.  So when did Resurgent give
 9   Brachfeld the account?
10        A.   I believe it was in September or October
11   of '06.  I don't remember the exact date.
12        Q.   I see.  Okay.  And I think just to clarify
13   things, make the record clear, the notation on
14   Exhibit 1, R-72, on October 25th, 2006, where it
15   says:  Outside and legal written in cease and desist
16   received, that would have been a cease and desist
17   Resurgent received from Brachfeld, right?
18        A.   That is correct.
19        Q.   Okay.  So at some point before
20   October 25th, '06, Resurgent would have transferred
21   this LVNV account to Brachfeld.
22        A.   That is correct.
23        Q.   And at that time, the cease-and-desist
24   letters that were noted on October 19th, '06, at 1:20
25   p.m. and 12:14 p.m. would have been sent to Brachfeld
```

```
 1    by Resurgent, as well.
 2         A.   Yes.
 3         Q.   And we believe those to be the Sears,
 4    CitiCard, and Academy Collections cease-and-desist
 5    letters.
 6         A.   Yes.  That is correct.
 7         Q.   Does Resurgent sue on time-barred debts?
 8         A.   Resurgent doesn't sue anybody, sir.
 9         Q.   Does LVNV sue on time-barred debts?
10         A.   I really don't understand what you mean by
11    "time-barred debts".
12         Q.   Sure.  Does L -- well, let's back up a
13    moment.
14              Does LVNV use Brachfeld to bring lawsuits
15    in California to attempt to collect charged-off
16    consumer debts?
17         A.   Yes.
18         Q.   Does LVNV currently still use Brachfeld in
19    California to bring lawsuits to try to collect
20    charged-off consumer debts?
21         A.   Yes.
22         Q.   Does Resurgent have any policy whereby it
23    instructs Brachfeld not to sue on LVNV debts that are
24    past their four-year statute of limitations in
25    California?
```