Ronald Wilcox, Bar No. 176601
**LAW OFFIC OF RONALD WILCOX**
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

PAUL HENRY NATHAN SBN: 262697
**LAW OFFICES OF PAUL H. NATHAN**
*A Professional Corporation*
540 Pacific Avenue
San Francisco, CA 94133
Telephone:    415.341.1144
Facsimile:    415.341.1155
Electronic mail: paulnathan@nathanlawoffices.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RESURGENT CAPITAL FINANCIAL SERVICES, INC., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C., et al.,<br><br>　　　　　　　Defendant(s). | Case No. 11-01253 EMC<br><br>***EX PARTE*** **APPLICATION OF PLAINTIFFS' DONNA GARCIA FOR ORDER SHORTENING TIME TO HEAR PLAINTIFFS' MOTION FOR ORDER COMPELLING CORPORATE REPRESENTATIVE TO APPEAR AND TESTIFY; PLAINTIFFS' MOTION FOR ORDER COMPELLING CORPORATE REPRESENTATIVE TO APPEAR AND TESTIFY MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATION OF RONALD WILCOX; DECLARATION OF PAUL H. NATHAN IN SUPPORT**<br><br>The Honorable Edward Chen |

//

//

//

**EX PARTE APPLICATION AND MOTION TO SHORTEN TIME**

Plaintiff moves this Court in compliance with Civil L.R. 6-3 for an Order allowing a shortening of time for the Court to hear Motion for an Order compelling corporate representative's to trial. Plaintiff seeks an order compelling Jean Paul Torres, Jonathan Birdt and Erica Brachfeld to trial on May 30, 2012. Good cause exists for shortening this time period as the issue will become moot if it is not decided promptly.

Plaintiff was unable to obtain a stipulation from Defendants to have the matter heard on shortened time. Declaration of Paul Nathan ("Nathan Decl.:").

Furthermore, the Northern District of California had held it has the authority to order these party witnesses to trial. *Fausto v. Credigy*, 2009 U.S. Dist. Lexis 51079 (N.D. Cal. 2009)(compelling a corporate representative without the need of a subpoena (the witness was compelled from Atlanta to trial in the Northern District of California)), and *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 3826730 (N.D. Cal. 2006)(Fed. R. Civ. P. 45(c)(3)(A)(ii) has the effect of permitting officers of a party to be subpoenaed for appearance at trial without regard to travel distance because that paragraph allows a court to quash or modify a subpoena only where it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person).

**1. Defendant Resurgent/LVNV**

**Defendant Resurgent/LVNV** refuses to present, for any purpose, any corporate representatives during the presentation of the Plaintiff's case-in-chief.

On March 23, 2012, Plaintiff first broached the subject of whether Defendants would produce Torres at trial. Declaration of Ronald Wilcox ("Wilcox Decl."), **Exhibit 1**. Defendants did not respond to this inquiry until April 11, 2012 and at that time did not give a clear answer but instead stated that there may be a calendar conflict with having their representative present. Wilcox Decl. **Exhibit 2.** Plaintiff's further email of April 11, 2012 went unanswered. Wilcox., Decl. **Exhibit 3**.

Defendant previously produced Jean Paul Torres as its corporate representative, at depositions pursuant to F.R.C.P. 30(b)(6). Plaintiff specifically requests that Jean Paul Torres be compelled to appear as he was designated to testify as Defendant's corporative representative, and provided testimony on November 9, 2011 and December 13, 2011, in this case regarding Defendant's collection practices and policies, the communications herein, the relationship between Resurgent/LVNV and Brachfeld, among other topics. Wilcox Decl. ¶2.

## 2. Defendant Brachfeld Law Group, P.C.

**Defendant Brachfeld Law Group, P.C. (Brachfeld)** were notified by plaintiff's Counsel, Paul Nathan, on April 12, 2012, that plaintiff intended to call **Brachfeld Corporate Designee Jon Birdt** in Plaintiff's case in chief. *Nathan Decl.* Whereupon, Mr. Birdt notified counsel he did not anticipate a problem with plaintiff's witness list. *Ibid.* Thereafter, plaintiff's counsel electronically mailed a stipulation for Mr. Birdt to sign guaranteeing his appearance at trial. *Ibid.* However, Mr. Birdt responded by stating he would not agree to appear at trial, let alone Plaintiff's case in chief. *Ibid.* In furthermore communications Birdt has failed to simply stipulate to producing the witnesses for Plaintiff's case in chief. *Ibid.*

Plaintiffs specifically requests that Jonathan Birdt be compelled to appear as he was designated to testify as Defendant's corporative representative, and provided testimony on

November 1, 2011 in this case regarding Defendant's collection practices and policies, the communications herein, the relationship between Resurgent/LVNV and Brachfeld, among other topics. Wilcox Decl., ¶3.

**Erica Brachfeld** should be compelled to testify live at trial in her capacity as an officer of defendant Brachfeld. Ms. Brachfeld is the president of Brachfeld Law Group, P.C Nathan Decl., **Exhibit 1**. Ms. Brachfeld was disclosed as a fact witness in Brachfeld's initial disclosures. Nathan Decl., **Exhibit 2**. Ms. Brachfeld also signed and verified Defendant's interrogatory responses. Nathan Decl., **Exhibit 3**.

In addition to the above reasons why Brachfeld is an appropriate fact witness, Plaintiff will be prejudiced if Brachfeld does not appear. Jonathan Birdt, refused to testify on the subject of Brachfeld Law Group P.C.'s financial condition (and may not have sufficient knowledge of such). Additionally, while Defendant produced some tax returns, they are not the most recent, were redacted, and defendants refused to stipulate to their contents. *Ibid.*

Plaintiff's efforts to stipulate regarding Brachfeld's financial condition were rejected with Defendant citing privacy concerns. *Ibid.* However, as the Eastern District of California has noted, evidence of the net worth is crucial to the issue of punitive damages; and "While a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order." *Oakes v. Halvorsen* Marine Ltd., 179 F.R.D. 281 (C.D. CA 1998), also see *Hanks v. Zenner, et al.*, 2000 U.S. Dist. LEXIS 13201 (W.D. LA 2000).

Plaintiff is entitled to produce at trial admissible evidence to support her claim of punitive damages, and satisfy her burden. Civil Code §3294. *Adams v. Murakami*, 54 Cal.

3d 105 (1991)(Plaintiff must produce evidence of financial condition).  Otherwise, Plaintiff will be prejudiced.

Civil L.R. 7-3 requires any opposition to a motion to be filed 35 days before the scheduled hearing.  Also, the parties' deposition designations are due May 1, 2012, for a trial that will occur May 30, 2012.  If will take Plaintiff dozens of hours, or more to review deposition transcripts, prepare the designations, meet and confer with Defendants regarding such, and then have the court sift through the parties submissions to rule on the disagreements.  It would save considerable time and be less of a burden on the court if we simply had the witnesses testify live at trial.  Plaintiff's counsel's experience is that litigants will inundate the court with voluminous pages of objections (sometimes more than 75 pages) to Plaintiff's designations of the various deposition testimony that need to be presented during the Plaintiffs' case-in-chief, as well as counter designations that will have to be responded to and decided on by the court.  Many of these objections can be eliminated if this corporate representative is compelled to appear.

In essence, Defendants are attempting to prevent live testimony during the Plaintiffs' case-in-chief while presenting live testimony from their corporate representatives, officers and employees during Defendants' case-in-chief.

**Plaintiff respectfully requests the Court order the following schedule:**

• Opposition to Plaintiff's Motion to compel witnesses: Due Wednesday, April 25 2012.

• Reply Re Plaintiff's Motion to compel witnesses: Due Thursday, April 26, 2012.

• Order: To be issued Friday, April 27, 20120 (this would help the parties avoid burdening the Court with mounds of paper regarding deposition designations, objections, etc.)

Date: April 17, 2012

Respectfully submitted,


_____/s/_____
Paul Nathan, Counsel for Plaintiff

5

**PLAINTIFFS' MOTION FOR ORDER COMPELLING CORPORATE REPRESENTATIVE TO APPEAR AND TESTIFY[1]**

## I. LEGAL PRINCIPLES

• The Northern District of California had held it has the authority to order party witnesses to trial. *Fausto v. Credigy*, 2009 U.S. Dist. Lexis 51079 (N.D. Cal. 2009)(compelling an corporate representative from Atlanta to trial in the Northern District of California), and *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 3826730 (N.D. Cal. 2006)(holding the mile limitation in Fed. R. Civ. P. 45 only applies to non-parties).

## II. INTRODUCTION

Plaintiff Donna Garcia brought suit against defendants Resurgent/LVNV and Brachfeld Law Group for violations of the Fair Debt Collections Protections Act (FDCPA), the California FDCPA, and related common law claims.

Plaintiff brings this ex parte motion because neither defendant has agreed to produce their corporate designee or officer at trial, let alone in plaintiff's case in chief.

Plaintiff has diligently followed this Court's pre-trial order to meet and confer with defense counsel on the subject of witness lists. Defendant Resurgent/LVNV has stated Jean Paul Torres will testify in the defense case but has not agreed to produce Mr. Torres for plaintiff's case in chief. See Ex parte motion. Defendant Brachfeld has produced a list of witnesses for the defense case, which include Jonathan Birdt and Erica Brachfeld. However, Brachfeld refuses to stipulate to those witnesses testifying in Plaintiff's case in chief or even appear at trial. Id.

Defendants' corporate designees' and defendant officer Erica Brachfeld should be compelled to appear at trial, live, before the finder of fact for the following reasons:

---

[1] Plaintiff incorporates the accompanying ex parte motion herein.

1

First, as noted in the ex-parte motion for an order shortening time, both Jean Paul Torres (Resurgent/LVNV) and Jonathan Birdt (Brachfeld) were produced at depositions as the corporate designee's witnesses for defendants pursuant to FRCP 30(b)(6). Thus, they are parties to this lawsuit and should be compelled to be present at trial.

Second, Erica Brachfeld was disclosed by Brachfeld per FRCP 26 as a person who likely has discoverable information that may be used to support plaintiff's claims or defendant's defenses, and verified written discovery responses (including interrofatories). In addition, Erica Brachfeld is an officer at Brachfeld. Furthermore, Plaintiff seeks to examine Erica Brachfeld on the financial condition of Brachfeld, an area of inquiry Brachfeld's corporate designee refused to discuss at his deposition.

Lastly, to let any of the above escape examination would be taking the right of the jury to assess the credibility and veracity of defendants' witnesses and defenses in Plaintiff's case in chief.

Anything less than compelling the above witnesses to appear in Plaintiff's case in chief would send a highly detrimental signal that this Court has retreated from earlier rulings on the same topic in this district. Permitting these witnesses to escape testimony allows defendants to seek a tactical advantage of having these witnesses possibly testify in Defendants' case in chief but relegating Plaintiff to use individuals to read deposition transcripts. That will result in a tremendous waste of the Court's and attorneys time necessary for written designations, attempt to edit dozens of hours of deposition videos, and would prejudice Plaintiff in regarding to her punitive damage claim.

The issue is not whether defendants will be inconvenienced by testifying in plaintiff's case in chief but only whether plaintiff will be permitted a fair opportunity to present her case to the jury in an undiluted manner dictated by defendants.

**III. ARGUMENT**

2

Plaintiff is attempting to subpoena these witnesses, since the defendants refuse to agree to present those witnesses in plaintiff's case in chief. However, this Court can follow precedent in this District and forego a FRCP 45 subpoena and order a defendant's corporate officers/representatives such as Erica Brachfeld, Jean Paul Torres, and Jonathan Birdt, to testify at trial.

### A. THE COURT CAN COMPELS WITNESS(S) TO BE PRESENT AT TRIAL

"FRCP 45 requires the issuance of a subpoena in order to compel a non-party witness to appear for deposition or trial." *Fausto v. Credigy*, 2009 U.S. Dist. Lexis 51079 citing *Stone v. Morton Intern., Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997); FRCP 45. Thus, the Northern District of California has held that party, as opposed to non-party, witnesses do not require such a subpoena. Furthermore, a party's F.R.C.P. 30(b)(6) corporate representative, and/or officers, are considered to be a party witness. *Fausto v. Credigy; and Creative Science Systems*. Furthermore, the Northern District of California has held the mile limitation in Fed. R. Civ. P. 45 only applies to non-parties. *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 3826730 (N.D. Cal. 2006).

Additionally, a federal court can borrow a state statute or rule regarding subpoena power. **Federal Civil Trials and Evidence** (Federal), The Rutter Group, Jones & Rosen, 1:75, citing F.R.C.P. 45(c)(3)(A)(ii). Under California law, persons who are residents of California may be subpoenaed to appear anywhere in the state. **Civil Trials and Evidence** (California), The Rutter Group, Wegner, Fairbank & Epstein, 1:151, citing C.C.P. 1987.

For the convenience of the Court plaintiff's counsel met and conferred with both defendants' counsel attempting to secure corporate designees Jean Paul Torres, Jonathan Birdt and officer/FRCP 26 Disclosure Erica Brachfeld for trial in plaintiff's case in chief. Defendants have steadfastly refused to produce these witnesses for plaintiff's case.

Plaintiff has attempted to serve subpoenas on these witnesses but has been frustrated by defendants' evasiveness.

### B. THIS COURT HAS THE POWER TO ORDER CORPORATE OFFICERS AND CORPORATE DESIGNEES TO TESTIFY AT TRIAL IN PLAINTIFF'S CASE IN CHIEF.

Judge Ware stated in a 2009 Northern District trial opinion that FRCP 45 does not apply to a corporate officer of a defendant nor a 30(b)(6) witness of defendant's. *Fausto* at 4. However, Judge Ware ordered the corporate designee and officer (located in Atlanta) to appear at trial in San Jose because the witness is effectively a party to the lawsuit due to their position in defendant's organization. *Ibid*. Furthermore, Judge Ware stated since the witness was intending to appear to testify for defendants, it was not unduly burdensome for the witness to be called as live witness of plaintiffs. *Ibid*. As a result, Judge Ware granted plaintiff's Motion for an Order Compelling the corporate representative, also an officer, to appear in plaintiff's case in chief. *Ibid*. at 4-5.

#### 1. ERICA BRACHFELD, JONATHAN BIRDT AND JEAN PAUL TORRES HAVE ALL BEEN DISCLOSED ON DEFENDANTS' PROPOSED WITNESS LIST FOR TRIAL. YET, DEFENDANTS' REFUSE TO PRODUCE THESE WITNESSES FOR PLAINTIFF'S CASE IN CHIEF.

In the present case, Erica Brachfeld is an officer of defendant Brachfeld, was listed on Defendant's initial disclosures, signed and verified interrogatory responses, and was listed on the company's proposed witness list. Furthermore, she is in a position to testify to Brachfeld's financial condition.

Jean Paul Torres and Jonathan Birdt were both corporate designees for depositions pursuant to F.R.CP. 30(b)(6), and were both listed on their respective defendant's witness lists.

As a result, according to precedent in the Northern District of California it would not be unduly burdensome for those witnesses to be called as live witnesses for Plaintiff.

#### 2. ONLY IF NECESSARY TORRES SHOULD BE OREDERED TO APPEAR VIA SKYPE VIDEO.

4

In the event the Defendants can convince the Court Mr. Torres's wife's pregnancy delivery becomes an issue with him appearing personally at trial in San Francisco, then Plaintiff respectfully requests the Court allow his appearance via Skype video (from the same reporter's office were his Torres's Skype video deposition was conducted).

The use of video testimony at trial is prevalent. See *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 989 (E.D. NY 1991),; *Longo v. Wal–Mart Stores, Inc*. 79 F. Supp. 2d 169, 172 (E.D. NY 1999).  Furthermore, for "good cause shown in compelling circumstances," the court may permit the presentation of testimony by contemporaneous transmission from a different location (e.g., video from a hospital room or teleconferencing from another courtroom). FRCP 43(a); *Federal Trade Comm'n v. Swedish Match North America, Inc*. 197 FRD 1 (D D.C. 2000)(good cause shown by serious inconvenience that would arise if witness, resident of Oklahoma, were forced to appear at Washington, D.C. hearing).

## IV. CONCLUSION

The Northern District of California has held party witnesses can be compelled to appear live at trial.  The Jury is best served in its duty to weigh the evidence and determine for itself the credibility of the witnesses by live in court testimony, which is also the preferred means under Rule 43 for presentation of evidence.

Wherefore, Plaintiff humbly requests that the court compel Jean Paul Torres to appear and testify as representative of the corporate defendants, LVNV/Resurgent, compel Jonathan Birdt to appear and testify as representative of the corporate defendants, Brachfeld Law Group, and compel Erica Brachfeld appear and testify as an officer of the corporate defendant Brachfeld.

Date: April 17, 2012

Respectfully submitted,
_____/S/_____

Paul Nathan, Counsel for Plaintiff

5