Ronald Wilcox, Bar No. 176601
**LAW OFFIC OF RONALD WILCOX**
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

PAUL HENRY NATHAN SBN: 262697
**LAW OFFICES OF PAUL H. NATHAN**
*A Professional Corporation*
540 Pacific Avenue
San Francisco, CA 94133
Telephone:   415.341.1144
Facsimile:   415.341.1155
Electronic mail: paulnathan@nathanlawoffices.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>                          Plaintiffs,<br><br>v.<br><br>RESURGENT CAPITAL FINANCIAL SERVICES, INC., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C., et al.,<br><br>                          Defendant(s). | Case No. 11-01253 EMC<br><br>**DECLARATION OF PAUL H. NATHAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER COMPELLING CORPORATE REPRESENTATIVE TO APPEAR AND TESTIFY AT TRIAL**<br><br>The Honorable Edward Chen |

I, PAUL H. NATHAN, declare,

I am an attorney for plaintiff in this action and I have personal knowledge of each fact stated in this declaration.

I spoke with defendant Brachfeld Law Group's counsel/30(b)(6) Designee Jon Birdt, Esq., on April 12th, 2012, regarding witnesses' plaintiff anticipated calling in her case in chief at trial. I

informed Mr. Birdt that plaintiff intended to call him, Mr. Birdt, in her case in chief. Mr. Birdt told me he did not anticipate a problem with plaintiff's proposed witness list.

Thereafter, I electronically mailed a written stipulation, attached as Exhibit A herein, to Mr. Birdt on April 12th, 2012. Mr. Birdt then responded via electronic mail that the stipulation was not what he had contemplated nor was he sure he would even be present at trial. Therefore, he refused to sign the stipulation.

Since, Mr. Birdt has provided plaintiff's counsel with Brachfeld's proposed witness list, which includes Jonathan Birdt and Erica Brachfeld.

On April 18, 2012, at 9:39 a.m. I telephoned and spoke with defendant Resurgent/LVNV counsel David Dalby to inform him plaintiff was seeking an ex parte motion shortening time to hear plaintiff's motion to compel attendance at trial in plaintiff's case in chief of witnesses Jean Paul Torres, Erica Brachfeld, and Jonathan Birdt. Mr. Dalby informed me Mr. Torres would be in physical attendance at trial. I asked Mr. Dalby to stipulate to Mr. Torres appearing at trial in plaintiff's case in chief. He told me he would think about this proposition.

On April 18, 2012, at 9:43 a.m. I telephoned and spoke with defendant Brachfeld Law Group's counsel Jonathan Birdt to inform him plaintiff was seeking an ex parte motion shortening time to hear plaintiff's motion to compel the attendance at trial in plaintiff's case in chief of witnesses Jean Paul Torres, Erica Brachfeld, and Jonathan Birdt. He asked me for the legal basis for Plaintiff's motion to compel and I explained that per Northern District precedent the Court could compel a party's attendance at trial. Furthermore, I explained, Erica Brachfeld is an officer and Mr. Birdt the corporate designee of defendant Brachfeld Law Group essentially making those witnesses, serving in their capacity, defendants in this case.

Ms. Brachfeld is the president of Brachfeld Law Group, P.C. Nathan Decl., **Exhibit 1** (deposition of Brachfeld Law Group, P.C. (Jon Birdt 20:4-10). Ms. Brachfeld was disclosed as a

fact witness in Brachfeld's initial disclosures regarding, "Plaintiff's account, collection policies an

practices, validity of Plaintiff's allegations, and Defendant's affirmative defenses." Nathan Decl.,

**Exhibit 2**.  Ms. Brachfeld also signed and verified Defendant's interrogatory responses. Nathan

Decl., **Exhibit 3**.

      At his earlier deposition Jon Birdt, refused to testify on the subject of Brachfeld Law Group

P.C.'s financial condition (and may not have sufficient knowledge of such).  Additionally, while

Defendant produced some tax returns, they are not the most recent, were redacted, and defendants

refused to stipulate to their contents

      Plaintiff's efforts to stipulate regarding Brachfeld's financial condition were rejected with

Defendant citing privacy concerns.

      I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

DATED: April 18, 2012                     _____/S/_____

                                        PAUL H. NATHAN

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DONNA GARCIA,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )  No. 11-01253 EMC
                                       )
RESURGENT CAPITAL FINANCIAL            )
SERVICES, INC., LVNV FUNDING,          )
LLC, THE BRACHFELD LAW GROUP,          )
P.C., et al.,                          )
                                       )
            Defendants.                )
_____)


VOLUME I

DEPOSITION OF THE BRACHFELD LAW GROUP, PC'S CORPORATE

DESIGNEE PURSUANT TO FRCP 30(B)(6)

(JONATHAN BIRDT, ESQ.)

Toluca Lake, California

Tuesday, November 1, 2011


REPORTED BY:

KRISTIN L. MATTSEN
CSR NO. 12897

JOB NO.
68357WIL/A

1                IN THE UNITED STATES DISTRICT COURT

2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                    SAN FRANCISCO DIVISION

4

5    DONNA GARCIA,                    )
                                      )
6                 Plaintiff,          )
                                      )
7    vs.                             ) No. 11-01253 EMC
                                      )
8    RESURGENT CAPITAL FINANCIAL      )
     SERVICES, INC., LVNV FUNDING,   )
9    LLC, THE BRACHFELD LAW GROUP,   )
     P.C., et al.,                    )
10                                    )
                 Defendants.          )
11   _____)

12

13

14              Deposition of THE BRACHFELD LAW GROUP, PC'S

15              CORPORATE DESIGNEE PURSUANT TO FRCP

16              30(B)(6) (JONATHAN BIRDT, ESQ.), VOLUME I,

17              taken on behalf of the Plaintiff, at 10868

18              Kling Street, Toluca Lake, California,

19              commencing at 8:44 a.m., on Tuesday,

20              November 1, 2011, before Kristin L.

21              Mattsen, CSR No. 12897, a Certified

22              Shorthand Reporter in and for the County of

23              Los Angeles, State of California.

24

25

1      Q      As corporate counsel, how many people at

2   Brachfeld report to you?

3      A      Formally, I would say none.

4      Q      Do you report to anyone?

5      A      Erica Brachfeld.

6      Q      Anyone else?

7      A      No.

8      Q      Who is Erica Brachfeld?

9      A      She's the president of The Brachfeld Law Group,

10   PC.

11      Q      How often do you report to her?

12      A      I'm not sure I understand your question.

13      Q      Do you see her on a daily basis?

14      A      No.

15      Q      How often do you see her?

16      A      Three or four times a month.

17      Q      Do you meet physically when you meet with

18   Ms. Brachfeld or when you see her?

19      A      Once or twice a month.

20      Q      What items do you report to her about?

21      A      Could be anything involving my scope of

22   activities.

23      Q      Such as?

24      A      That would be privileged.

25      Q      When you meet with her to report to her, for

EXHIBIT 2

Erica L. Brachfeld, Esq. (State Bar No. 180683)
THE BRACHFELD LAW GROUP, P.C.
880 Apollo Street, Suite 155
El Segundo, California 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867
Email: compliance@brachfeldcollections.com

Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GARCIA,<br><br>      Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES L.P.,<br>LVNV FUNDING, LLC, THE BRACHFELD<br>LAW GROUP, P.C.,<br><br>      Defendants. | CASE NO.:  CV11-01253<br><br>**DEFENDANT THE BRACHFELD LAW GROUP, P.C.'S RULE 26 INITIAL DISCLOSURE STATEMENT** |

Defendant THE BRACHFELD LAW GROUP, P.C., ("Defendant"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby discloses the following information:

    (i)    **The name, address and telephone number of each individual likely to have discoverable information – along with the subject of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

        a.  Erica L. Brachfeld.  880 Apollo Street, Suite 155, El Segundo, California 90245.  This individual will have knowledge regarding Plaintiff's account(s),

1

collection policies and practices, validity of Plaintiff's allegations, and Defendant's affirmative defenses.

b. Person most knowledgeable of The Brachfeld Law Group, P.C., who can be reached through the attorney at 880 Apollo Street, Suite 155, El Segundo, California 90245, Tel: (310) 273-7867. The identity of this individual has not been determined at this early stage. This individual will have knowledge regarding Plaintiff's account(s), collection policies and practices, validity of Plaintiff's allegations, and Defendant's affirmative defenses.

c. Plaintiff Donna Garcia regarding the allegations contained in the Complaint.

d. Individuals/witnesses listed by Plaintiff in Plaintiff's Initial Disclosure Statement.

e. Person most knowledgeable of RESURGENT CAPITAL SERVICES, L.P., regarding the allegations contained in Plaintiff's Complaint, and its affirmative defenses.

f. Person most knowledgeable of LVNV FUNDING, LLC regarding the allegations contained in Plaintiff's Complaint, and its affirmative defenses.

g. Other individuals identified during discovery. Investigation is ongoing and Defendant reserves the right to amend/supplement this Initial Disclosure Statement.

(ii) **A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Sample collection letter, file notes, and policies of Defendant. Defendant reserves

2

the right to amend this statement to include any other documents that are
subsequently discovered.

(iii) **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant contends that this action was brought against Defendant in bad faith and for the purpose of harassment and that it is entitled to its attorneys' fees and costs.

(iv) **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Dated: June 21, 2011                    THE BRACHFELD LAW GROUP, P.C.


                                        _/s/ Erica L. Brachfeld_____
                                        Erica Brachfeld
                                        The Brachfeld Law Group, P.C.
                                        880 Apollo St., Suite 155
                                        El Segundo, CA 90245
                                        Tel: (310) 273-7867
                                        Fax: (310) 273-9867
                                        **compliance@brachfeldcollections.com**
                                        Attorney for Defendant

3

1   **ERICA L. BRACHFELD, Esq., State Bar No. 180683**
    **THE BRACHFELD LAW GROUP, P.C.**
2   880 Apollo Street, Suite 155
    El Segundo, California 90245
3   Telephone: (310) 273-7867
    Facsimile: (310) 273-9867
4   Email: compliance@brachfeldcollections.com
5   **Attorney for Defendant,**
    THE BRACHFELD LAW GROUP
6

7                   UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO DIVISION

10

11  DONNA GARCIA                        CASE NO.:  CV-11-01253

12          Plaintiff,                  **CERTIFICATE OF SERVICE**

13

14      vs.

15  RESURGENT CAPITAL SERVICES, L.P.,
    LVNV FUNDING, LLC, THE BRACHFELD
16  LAW GROUP, P.C. a.k.a. BRACHFELD &
    ASSOCIATES, P.C. and does 1-10
17

18          Defendant.

19

20              <u>**CERTIFICATE OF SERVICE BY MAIL**</u>

21      I, Irene Velasco, declare:

22      I am employed in Los Angeles County. I am over the age of 18 years and not a party to

23  the within action. My business address is The Brachfeld Law Group, P.C., 880 Apollo Street,

24  Suite 155, El Segundo, California 90245.

25      I am readily familiar with The Brachfeld Law Group, P.C.'s practice of collection and

26  processing of correspondence for mailing with the United States Postal Service. In the ordinary

27
28                                    1

1  course of business, correspondence would be deposited with the United States Postal Service on

2  this date.

3        On this date, I served

4      **DEFENDANT THE BRACHFELD LAW GROUP, P.C.'s RULE 26 INITIAL**
5      **DISCLOSURE STATEMENT**

6  On each person listed below, by placing the document(s) described above in an envelope

7  addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing

8  with the United States Postal Service on this day, following ordinary business practices at The

9  Brachfeld Law Group, P.C.

10  **Attorney for Plaintiff- Donna Garcia**
11  Ronald Wilcox Esq.
    LAW OFFICE OF RONDALD WILCOX
12  1900 The Alameda, Suite 350
    San Jose, California 95126
13

14  **Attorney for Defendant's – Resurgent Capital Services, L.P. and**
    **LVNV Fundng, LLC**
15  David I Dalby, Esq.
    Renee c. Ohlendorg, Esq.
16  HINSHAW & CULBERTSON, LLP
    1 California Street, 18th Floor
17  San Francisco, California 94111

18

19

20

21        I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct. Executed at El Segundo, California on June 22, 2011.

23

24  Irene Velasco

25

26

27

28                                    2

# EXHIBIT 3

Erica L. Brachfeld, Esq. (State Bar No. 180683)
Jonathan W. Birdt, Esq. (State Bar No. 183908)
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo Street, Suite 155
El Segundo, California 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9876
ebrachfeld@brachfeldcollections.com

Attorney for Defendant,
THE BRACHFELD LAW GROUP,
A PROFESSIONAL CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GARCIA,<br><br>        Plaintiff,<br><br>    vs.<br><br>RESURGENT CAPITAL SERVICES, L.P,<br>LVNV FUNDING, LLC, and THE<br>BRACHFELD LAW GROUP, P.C.,<br><br>        Defendant(s). | Case No.: CV11-01253 EMC<br><br>**DEFENDANT RESPONSES TO<br>PLAINTIFF'S<br>INTERROGATORIES, SET ONE** |

TO:    Plaintiff Donna Garcia and her attorneys.

    COMES NOW Defendant, The Brachfeld Law Group, P.C. ("Brachfeld") by and

through their attorney and hereby responds to Plaintiff's First Set of Discovery Requests

as follows:

1

# GENERAL OBJECTIONS

1.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks to impose burdens not contemplated by the Federal Rules of Civil Procedure or to alter or expand its obligations thereunder.

2.    Brachfeld objects to Plaintiff's discovery to the extent that it calls for information within Plaintiff's knowledge or to which Plaintiff has equal access on the grounds that they are unduly burdensome, oppressive, harassing and vexatious, and go beyond any legitimate need of Plaintiff for discovery.

3.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information or documents, regarding persons and entities other than Defendant Brachfeld, that they are either unable to or not required to testify regarding.

4.    Brachfeld objects to Plaintiff's discovery to the extent that it is beyond the scope of the instant matter.

5.    Brachfeld objects to Plaintiff's discovery to the extent that it is overly broad, vague, unduly burdensome, harassing, cumulative or duplicative, and vexatious.

6.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks the opinions, mental impressions, conclusions or legal theories of Defendant Brachfeld's counsel.

Erica L. Brachfeld, Esq. (State Bar No. 180683)
Jonathan W. Birdt, Esq. (State Bar No. 183908)
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo Street, Suite 155
El Segundo, California 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9876
ebrachfeld@brachfeldcollections.com

Attorney for Defendant,
THE BRACHFELD LAW GROUP,
A PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA GARCIA,

        Plaintiff,

    vs.

RESURGENT CAPITAL SERVICES, L.P.,
LVNV FUNDING, LLC, and THE
BRACHFELD LAW GROUP, P.C.,

        Defendant(s).

Case No.: CV11-01253 EMC

**DEFENDANT RESPONSES TO
PLAINTIFF'S
INTERROGATORIES, SET ONE**

TO:   Plaintiff Donna Garcia and her attorneys.

      COMES NOW Defendant, The Brachfeld Law Group, P.C. ("Brachfeld") by and

through their attorney and hereby responds to Plaintiff's First Set of Discovery Requests

as follows:

1

# GENERAL OBJECTIONS

1. Brachfeld objects to Plaintiff's discovery to the extent that it seeks to impose burdens not contemplated by the Federal Rules of Civil Procedure or to alter or expand its obligations thereunder.

2. Brachfeld objects to Plaintiff's discovery to the extent that it calls for information within Plaintiff's knowledge or to which Plaintiff has equal access on the grounds that they are unduly burdensome, oppressive, harassing and vexatious, and go beyond any legitimate need of Plaintiff for discovery.

3. Brachfeld objects to Plaintiff's discovery to the extent that it seeks information or documents, regarding persons and entities other than Defendant Brachfeld, that they are either unable to or not required to testify regarding.

4. Brachfeld objects to Plaintiff's discovery to the extent that it is beyond the scope of the instant matter.

5. Brachfeld objects to Plaintiff's discovery to the extent that it is overly broad, vague, unduly burdensome, harassing, cumulative or duplicative, and vexatious.

6. Brachfeld objects to Plaintiff's discovery to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7. Brachfeld objects to Plaintiff's discovery to the extent that it seeks the opinions, mental impressions, conclusions or legal theories of Defendant Brachfeld's counsel.

2

8.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest doctrine, or any other rule of privilege, protection or confidentiality.

9.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information that contains or constitutes trade secrets proprietary information, or other privileged or confidential materials.

## INTERROGATORIES

## FACT WITNESSES

**Interrogatory No. 1:** List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who communicated (orally or in writing) with Plaintiff. Provide the date, time, location and subject matter of each such communication or contact.

**Interrogatory Responses No. 1:** The only record of a conversation with Plaintiff is by Betty Gonzalez on 3/16/09 when Plaintiff called in to advise that her ex husband was in jail. Plaintiff wanted the derogatory item removed from her credit report, admitted it was her debt, got upset and ended the call.

**Interrogatory No. 2:** Identify each person who you believe has any knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each person: a) name and address; b) the subject matter on which such person has knowledge; and c) the substance of the facts to which such person has such knowledge.

**Interrogatory Responses No. 2:** Betty Gonzalez could and would testify to authenticity of her note.

3

**Interrogatory No. 3:** Identify and describe each communication, or attempted communication, between the Defendant with the Plaintiff, or any other person, which was made in connection with the collection of Plaintiff's account, by stating the name of the individual initiating communication, the date of the communication, the method of the communication (e.g. letter, phone call, in-person), a detailed analysis of the substance of the communication, (do not simply refer to collection notes), all witness to or participants in the communication, and, any actions taken by the Defendant as a result of the communication.

**Interrogatory Responses No. 3:** The only record of a conversation with Plaintiff is as set forth above in response to number 1. Defendant received the first and only written communication from Plaintiff on 2/14/11 and thereafter ceased all attempts to reach her by phone.

## AFFIRMATIVE DEFENSES

**Interrogatory No. 4:** State all facts, identify every witness, and describe each document upon which Defendant will rely to support its affirmative defenses.

**Interrogatory Responses No. 4:** This request is overbroad, not narrowly tailored and seeks to invade the attorney work product doctrine by inquiring into the thoughts of counsel.

**Interrogatory No. 5:** State the procedures Defendant maintains to avoid the Fair Debt Collection Practices Act violations alleged in the complaint.

**Interrogatory Responses No. 5:** This request is overbroad, not narrowly tailored and assumes facts not in evidence. Defendant provides comprehensive training and oversight for all of its' employees to insure continued compliance with all legal obligations.

4

**Interrogatory No. 6:** State in complete detail the facts upon which you rely for each affirmative defense listed in your answer.

**Interrogatory Responses No. 6:** This request is overbroad, not narrowly tailored and seeks to invade the attorney work product doctrine by inquiring into the thoughts of counsel.

## IDENTIFY WITHHELD DOCUMENTS

**Interrogatory No. 7:** If any document responsive to Plaintiff's Request for Production of Documents is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withhold production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**Interrogatory Responses No. 7:** Please see Defendants response served concurrently herewith.

## FINANCIAL CONDITION

**Interrogatory No. 8:** Identify the net worth, including the assets and liabilities, of Defendant.

**Interrogatory Responses No. 8:** This request is not relevant to any issue in this litigation.

Dated: July 14, 2011        THE BRACHFELD LAW GROUP, P.C.,

By: _____
      Jonathan W. Birdt, (#183908)
      THE BRACHFELD LAW GROUP, P.C.
      880 Apollo Street, Suite 155
      El Segundo, California 90245
      Telephone: (310) 273-7867
      Facsimile: (310) 273-9876
      ebrachfeld@brachfeldcollections.com
      ATTORNEYS FOR DEFENDANT
      THE BRACHFELD LAW GROUP, P.C.

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE

# VERIFICATION

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### DONNA GARCIA v. RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, AND THE BRACHFELD LAW GROUP, P.C.

### CASE NO.: CV11-01253 EMC

I have read the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE** and know its contents.

☐      I am a party to this action. The answers stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those answers, I believe them to be true.

☒      I am a representative for the Brachfeld Law Group, P.C., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason, ☒ I am informed and make believe and on that ground allege that the answers stated in the foregoing document are true. ☐ The answers stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those answers I believe them to be true.

☐      I am one of the representatives for The Brachfeld Law Group, A California Professional Corporation, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the answers in the foregoing document are true.

Executed on July 14, 2011, at El Segundo, California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Erica L. Brachfeld, Esq.
Printed Name of Signator          Signature

1

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

STATE OF CALIFORNIA         )
                                    ) SS.

COUNTY OF LOS ANGELES    )

       I, the undersigned, am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action.

       I am employed by The Brachfeld Law Group, P.C., 880 Apollo Street, Suite 155, El Segundo, CA 90245

       On, **July 14, 2011**, I served the within document entitled **DEFENDANT THE BRACHFELD LAW GROUP, P.C.'s RESPONSES TO PLAINTIFF' INTERROGATORIES SET ONE**
On the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:
**RONALD WILCOX
ATTORNEY AT LAW
1900 THE ALAMEDA, SUITE 530
SAN JOSE, CALIFORNIA 95126**

☑ **(BY MAIL)** As follow: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with United States postal service on that same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. *[C.C.P. §§ 1013A (3) and 2015.5]*

☐ **(BY CERTIFIED MAIL)** I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in El Segundo, California.

☐ **(BY FACSIMILE)** I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) *input fax number here* (s) generated by facsimile number (310) 273-9867 (El Segundo) indicated all pages were transmitted. *[C.C.P.§1013A(3) AND 2015.5]*

☐ **(BY FEDERAL EXPRESS NEXT DAY AIR)** By delivering to a FEDERAL EXPRESS representative, in an envelope designated by FEDERAL EXRPESS with delivery fees paid or provided for, addressed to the individual listed above, at the address listed above. *[C.C.P. § 1013(c)]*

☐ **(BY PERSONAL SERVICE)** By personally delivering copies to the individual listed above at the address listed above or by personally delivering copies to the office of the individual listed above at the address listed above, in a package clearly labeled to identify the personal being served, with a receptionist or with a person in charge. *[C.C.P. § 1011]*

☑ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Executed this Thursday, July 14, 2011, in El Segundo, California.**

_Irene Velasco_ (signature)

Irene Velasco

Erica L. Brachfeld, Esq. (State Bar No. 180683)
Jonathan W. Birdt, Esq. (State Bar No. 183908)
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo Street, Suite 155
El Segundo, California 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9876
ebrachfeld@brachfeldcollections.com

Attorney for Defendant,
THE BRACHFELD LAW GROUP,
A PROFESSIONAL CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GARCIA, | ) Case No.: CV11-01253 EMC |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT THE BRACHFELD LAW** |
| | ) **GROUP, P.C.'S RESPONSES TO** |
| RESURGENT CAPITAL SERVICES, L.P, | ) **PLAINTIFF'S REQUEST FOR** |
| LVNV FUNDING, LLC, and THE | ) **PRODUCTION OF DOCUMENTS SET** |
| BRACHFELD LAW GROUP, P.C., | ) **ONE** |
| Defendant(s). | ) |
| | ) |

TO:    Plaintiff Donna Garcia and her attorneys:

    **COMES NOW** Defendant, The Brachfeld Law Group, A Professional Corporation

("Brachfeld") by and through their attorney and hereby responds to Plaintiff's First Set of

Requests for Production, as follows:

1

# I.    GENERAL OBJECTIONS

1.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks to impose burdens not contemplated by the Federal Rules of Civil Procedure or to alter or expand its obligations thereunder.

2.    Brachfeld objects to Plaintiff's discovery to the extent that it calls for information within Plaintiff's knowledge or to which Plaintiff has equal access on the grounds that they are unduly burdensome, oppressive, harassing and vexatious, and go beyond any legitimate need of Plaintiff for discovery.

3.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information or documents, regarding persons and entities other than Defendant Brachfeld, that they are either unable to or not required to testify regarding.

4.    Brachfeld objects to Plaintiff's discovery to the extent that it is beyond the scope of the instant matter.

5.    Brachfeld objects to Plaintiff's discovery to the extent that it is overly broad, vague, unduly burdensome, harassing, cumulative or duplicative, and vexatious.

6.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks the opinions, mental impressions, conclusions or legal theories of Defendant Brachfeld's counsel.

8.    Brachfeld objects to Plaintiff's discovery to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest doctrine, or any other rule of privilege, protection or confidentiality.

2

9.      Brachfeld objects to Plaintiff's discovery to the extent that it seeks information that contains or constitutes trade secrets proprietary information, or other privileged or confidential materials.

## II.   REQUESTS FOR PRODUCTION OF DOCUMENTS

### DEFENDANT'S EFFORTS TO COLLECT

**Request No. 1**: All collection records maintained by Defendant as to Plaintiff's account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities.

**Response to No. 1**:  Defendant is a law firm and its' records are protected by the attorney client privilege.   Defendant is attaching hereto a complete record of its' communications with the Plaintiff (client communication redacted) and the requested key.

**Request No. 2**: All Documents, logs and correspondence relating to Plaintiff's alleged debt to Creditor.

**Response to No. 2**:  Defendant is a law firm and its' records are protected by the attorney client privilege.   Defendant is attaching hereto a complete record of its' communications with the Plaintiff (client communication redacted) and the requested key.

**Request No. 3**: All telephone billing records regarding any telephone calls placed relating to Plaintiff.

**Response to No. 3**:  Defendant is a law firm and its' records are protected by the attorney client privilege.   Defendant is attaching hereto a complete record of its' communications with the Plaintiff (client communication redacted) and the requested key.

3

**Request No. 4**: All Documents transmitted to Plaintiff by or on behalf of Creditor or any other person or entity with regard to the alleged debt to Creditor.

**Response to No. 4**: This request is confusing. Assuming, this request seeks documents actually sent to plaintiff, Plaintiff would be in possession of those documents. Defendant only maintains a record that documents were sent, not actual copies of what was transmitted.

**Request No. 5**: Produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or indemnify or reimburse for payments made to satisfy the judgment.

**Response to No. 5**: None.

## POLICIES AND PROCEDURES

**Request No. 6**: All manuals procedures and protocols used by Defendant to comply with the Fair Debt Collection Practices Act ("FDCPA")

**Response to No. 6**: This request is not narrowly tailored, is overbroad and seeks information not reasonably related to the subject litigation. Defendant does agree to make its training and procedure manual available for inspection as it is kept in the normal course of business upon reasonable notice and to copy those portions counsel agree are related to any allegation at issue in this litigation subject to a suitable protective order.

## COMPLAINTS AND JUDGMENTS

**Request No. 7**: A copy of all complaints, judgments, and consent orders relating to Defendant's conduct in the collection of individuals' debts to creditors, from 2008-2011.

**Response to No. 7**: This request is not narrowly tailored, is overbroad and seeks information not

4

reasonably related to the subject litigation.

**Request No. 8:** All documents relating to complaints filed with the Better Business Bureau ("BBB") against Defendant including Defendant's investigation of its responses to the BBB regarding such complaints.

**Response to No. 8:** This request is not narrowly tailored, is overbroad and seeks information not reasonably related to the subject litigation.

## CREDIT REPORTING

**Request No. 9:** All credit reports Defendant obtained relating to Plaintiff.

**Response to No. 9:** None.

## AGREEMENTS WITH OTHER PARTIES

**Request No. 10:** All agreements of Defendant with any entity concerning servicing all collection of the debt of Plaintiff.

**Response to No. 10:** Defendant objects to this request as it seeks to invade the attorney client privilege.

## FINANCIAL CONDITION

**Request No. 11:** Documents sufficient to identify the net worth of Defendant including but not limited to financial statements (i.e. balance sheet, income statement, etc).

**Response to No. 11:** Defendant objects to this request as it seeks information not reasonably related to the subject litigation and in violation of the right of privacy of defendants shareholders, officers and employees. Moreover, this request is made for the sole purpose of annoying and

harassing the defendant and as such is improper.

**Request No. 12:** Defendant's federal and state income tax returns, including schedules, for the past three years.

**Response to No. 12**: Defendant objects to this request as it seeks information not reasonably related to the subject litigation and in violation of the right of privacy of defendants shareholders, officers and employees. Moreover, this request is made for the sole purpose of annoying and harassing the defendant and as such is improper.

Dated: July 14, 2011                THE BRACHFELD LAW GROUP, P.C.,

By:

Jonathan W. Birdt, (#183908)
THE BRACHFELD LAW GROUP, P.C.
880 Apollo Street, Suite 155
El Segundo, California 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9876
ebrachfeld@brachfeldcollections.com
ATTORNEYS FOR DEFENDANT
THE BRACHFELD LAW GROUP, P.C.

6

## VERIFICATION

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## DONNA GARCIA v. RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, AND THE BRACHFELD LAW GROUP, P.C.

## CASE NO.: CV11-01253 EMC

I have read the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** and know its contents.

☐       I am a party to this action. The answers stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those answers, I believe them to be true.

☒       I am a representative for the Brachfeld Law Group, P.C., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason,  ☒ I am informed and make believe and on that ground allege that the answers stated in the foregoing document are true. ☐ The answers stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those answers I believe them to be true.

☐       I am one of the representatives for The Brachfeld Law Group, A California Professional Corporation, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the answers in the foregoing document are true.


Executed on July14, 2011, at El Segundo, California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Erica L. Brachfeld, Esq.
Printed Name of Signator                              Signature

1