Erica L. Brachfeld [SB# 180683]
Jonathan W. Birdt [SB# 183908]
Jbirdt@brachfeldcollections.com
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>   Plaintiff,<br><br> vs.<br><br>RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a BRACHFELD & ASSOCIATES, P.C., and DOES 1-10,<br><br>   Defendant | Case No.: CV11-01253<br><br>**OPPOSITION TO EX PARTE APPPLICATION FOR ORDER SHORTENING TIME** |

**OPPOSITION TO EX PARTE APPPLICATION FOR ORDER SHORTENING TIME**

1

Brachfeld Law Group opposes this ex parte because it is premised on false assertions of fact and law, is completely unnecessary and specifically on the following grounds:

1. Counsel for Plaintiff represents to this court:
   "Furthermore, a party's F.R.C.P. 30(b)(6) corporate representative, and/or officers, are considered to be a party witness. *Fausto v. Credigy; and Creative Science Systems.*" Moving papers at page 3, Lines 11-12.

   This statement appears to be **completely false** and not supported by the authorities cited to the extent it suggest a corporate representative, who is not an officer, can be compelled to appear and is not a point discussed in either opinion.

2. Counsel for Plaintiff represents to this court that:
   Judge Ware stated in a 2009 Northern District trial opinion that FRCP 45 does not apply to a corporate officer of a defendant **nor a 30(b)(6) witness of defendant's.** *Fausto* at 4. Motion at Page 4, Lines 3-5.

   Counsel for Defendant has been unable to find the language referred to by counsel for Plaintiff, as bolded and underlined above.

3. Counsel for Plaintiff represents to this court that:
   The Northern District of California has held party witnesses can be compelled to appear live at trial. Motion at Page 5, Lines 16-17

   Counsel for defendant has only been able to find authority for the proposition that an officer can be ordered to appear, not an employee.

4. Plaintiffs' counsel has not sought to meet and confer regarding this motion or any request to shorten time, contrary to the representations Plaintiffs' counsel has made to this Court.

5. Plaintiffs only contact regarding this matter were a few informal emails and then *ex parte* notice, and even therein, counsel for plaintiff was not willing to provide the legal basis, saying only "you will see our papers".

**OPPOSITION TO EX PARTE APPPLICATION FOR ORDER SHORTENING TIME**

6. Erica Brachfeld is a corporate officer and thus subject to the Courts power to compel her attendance and she agrees to comply with a notice to appear and appear at trial, thus rendering any motion practice in this regard unnecessary.

7. The Courts power to compel the attendance of a non-party is limited to 100 miles. FRCP 45.  Jonathan Birdt is not a corporate officer and testified via skype from Los Angeles as the corporate designee and will likely be trial counsel, but a final decision has not been made and thus a stipulation was not forthcoming.

8. Plaintiff asserts that a corporate designee becomes a party within the scope of FRCP 45 and cites two cases, *Faust* and *Creative*, but neither case supports this assertion.  First Plaintiff cites "*Fausto v. Credigy*, 2009 U.S. Dist. Lexis 51079" but that order related to a Corporate officer, not an employee, contrary to the assertion of counsel.  Again, there is no dispute a corporate officer can be compelled to attend the trial.  Plaintiffs' counsel also cites *Stone v.Morton Intern., Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997) which again relates solely a corporate officer, not a 30(b)(6) witness.

9. Based upon the foregoing, there has been no meet and confer, no request to shorten time, the motion itself is not necessary as Counsel would stipulate as to the Corporate officers and the argument that a 30(b)(6) witness can be compelled to attend is not supported by any legal authority.

Date: April 19, 2012                    Respectfully Submitted,


                                        By: /s/ Jonathan W. Birdt
                                        Jonathan W. Birdt, Esq. (SBN. 183908)

**OPPOSITION TO EX PARTE APPPLICATION FOR ORDER SHORTENING TIME**

3