Jonathan W. Birdt [SB# 183908]
Jbirdt@brachfeldcollections.com
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RESURGENT CAPITAL SERVICES, L.P., ) <br> LVNV FUNDING, LLC, THE BRACHFELD ) <br> LAW GROUP, P.C. a.k.a BRACHFELD & ) <br> ASSOCIATES, P.C., and DOES 1-10, ) <br> ) <br> Defendant ) <br> ) <br> ) <br> ) | Case No.: CV11-01253 <br><br> **OPPOSITION TO MOTION TO COMPEL ATTENDANCE AND REQUEST TO QUASH SUBPOENAS** |

  Brachfeld Law Group has no objection to producing its' sole corporate officer, Erica Brachfeld for the trial of this matter.  Brachfeld does oppose the request to compel its' employee, Jonathan Birdt, and also moves to quash the subpoena served upon him and Brachfelds' third party accountant as neither are permitted under FRCP 45.

**OPPOSITION TO MOTION TO COMPEL ATTENDANCE AND REQUEST TO QUASH SUBPOENAS**

1

By its' very language, FRCP is limited in two critical respects, first a subpoena cannot be served more than 100 miles from the place of trial (FRCP 45 (b)(2)(B) and second a witness cannot be compelled to attend a trial that is more than 100 miles from their residence (FRCP 45 (c)(3)(ii). Plaintiff seeks to compel the attendance, of Brachfelds' employee who lives in Los Angeles, by falsely asserting that the law in the 9th Circuit makes an employee who testifies from a remote location as a F.R.C.P. 30(b)(6) witness somehow a Corporate officer.

Counsel for Plaintiff represents that "Furthermore, a party's F.R.C.P. 30(b)(6) corporate representative, and/or officers, are considered to be a party witness. *Fausto v. Credigy; and Creative Science Systems.*" Moving papers at page 3, Lines 11-12. This is a false representation of the law and this case was limited to a Corporate officer.

Counsel for Plaintiff represents to this court that "Judge Ware stated in a 2009 Northern District trial opinion that FRCP 45 does not apply to a corporate officer of a defendant **nor a 30(b)(6) witness of defendant's."** *Fausto* at 4. Motion at Page 4, Lines 3-5. Counsel for Defendant has been unable to find the language referred to by counsel for Plaintiff, as bolded and underlined above.

Counsel for Plaintiff represents to this court that: "The Northern District of California has held party witnesses can be compelled to appear live at trial." Motion at Page 5, Lines 16-17. Counsel for defendant has only been able to find authority for the proposition that an officer can be ordered to appear, not an employee or corporate designee.

Counsel for Plaintiff has served subpoenas upon Jonathan Birdt and apparently upon Brachfelds' accountant Nasif, Hicks, Harris & Co. These subpoenas were served more than 100 miles from the place of trial and compel the attendance of a witness who resides more than 100 miles from the place for trial

**OPPOSITION TO MOTION TO COMPEL ATTENDANCE AND REQUEST TO QUASH SUBPOENAS**

2

and as such, it is respectfully submitted that the Court quash service of the subpoenas upon Jonathan Birdt and Nasif, Hicks, Harris & Co.

Date: April 24, 2012                              Respectfully Submitted,

                                                  By: /s/ Jonathan W. Birdt
                                                  Jonathan W. Birdt, Esq. (SBN. 183908)

**OPPOSITION TO MOTION TO COMPEL ATTENDANCE AND REQUEST TO QUASH SUBPOENAS**

3