**United States District Court**

For the Northern District of California

1
2
3
4
5                     UNITED STATES DISTRICT COURT
6                     NORTHERN DISTRICT OF CALIFORNIA
7
8   DONNA GARCIA,                          No. C-11-1253 EMC
9              Plaintiff,
10         v.                              **ORDER GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFF'S
11  RESURGENT CAPITAL SERVICES, LP, *et    MOTION TO COMPEL**
    al.*,
12                                         **(Docket No. 100)**
               Defendants.
13  _____/
14
15         Plaintiff has filed a motion to compel the attendance of three witnesses at trial:  Jean Paul
16  Torres, Jonathan Birdt, and Erica Brachfeld.  Docket No. 100.  The motion to compel Mr. Torres's
17  attendance at trial has been rendered moot by the parties' stipulations to produce said witness.  *See*
18  Docket No. 107.  Accordingly, the Court **DENIES** the motion to compel as to Mr. Torres as moot.
19  Additionally, Brachfeld does not oppose the motion to compel as to Ms. Brachfeld, Docket No. 106;
20  thus the motion to compel is **GRANTED** as to Ms. Brachfeld.
21         As for Mr. Birdt, Brachfeld's 30(b)(6) designee, Brachfeld's only argument against
22  compelling him to attend trial is that he is outside the 100-mile radius in which the Court can compel
23  his attendance.  Opp. at 2.  However, the Court has the power to compel his attendance at trial
24  because, according to the docket sheet in this matter and Mr. Birdt's own representations, he resides
25  in and/or does business within the state.  *See* Fed. R. Civ. P. 45(b)(2), (c)(A)(ii) ("[S]ubject to Rule
26  45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place
27  within the state where the trial is held."); *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C.
28  1995) ("Under the revised rule, a federal court can compel a witness to come from any place in the

**United States District Court**
For the Northern District of California

1   state to attend trial, whether or not the local state law so provides.") (citing Advisory Committee

2   Note to 1991 Amendments to Rule 45; 9 Wright & Miller, Practice and Procedure § 2451 (1994

3   Supp.) (purpose of Rule 45 as amended is "to enable the court to compel a witness found within the

4   state in which the court sits to attend trial"); David D. Siegel, *Federal Subpoena Practice Under The*

5   *New Rule 45 of the Federal Rules of Civil Procedure*, 139 F.R.D. 197, 210, 215 (1992)).  Brachfeld

6   makes no argument or showing that Mr. Birdt's attendance would cause him to "incur substantial

7   expense."  Rule 45(c)(3)(B)(iii).  Accordingly, the Court **GRANTS** Plaintiff's motion to compel Mr.

8   Birdt's attendance at trial.

9          Brachfeld also appears to challenge a subpoena apparently served upon Nasif, Hicks, Harris

10  & Co.  As this issue is not within the scope of the parties' briefing previously ordered by the Court,

11  the Court does not consider it.

12         This order disposes of Docket No. 100.

13

14         IT IS SO ORDERED.

15

16  Dated:  April 27, 2012

17                                            _____

18                                            EDWARD M. CHEN
                                              United States District Judge

19

20

21

22

23

24

25

26

27

28

2