Jonathan W. Birdt [SB# 183908]
Jbirdt@brachfeldcollections.com
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a BRACHFELD & ASSOCIATES, P.C., and DOES 1-10,<br><br>　　　　Defendant | Case No.: CV11-01253<br><br>**TRIAL BRIEF OF BRACHFELD LAW GROUP** |

## I.    INTRODUCTION

In 2006 Brachfeld was assigned an account for collection from LVNV and began collection efforts. Plaintiff wrote a letter to Brachfeld regarding an account belonging to her ex-husband and Brachfeld ceased collection activities at that time. In March of 2009 Plaintiff called Brachfeld to complain about items on her credit report related to her ex-husband.

**BRACHFELD TRIAL BRIEF**

1

The Brachfeld Law Group began calling Plaintiff in December 2010 to discuss a freezer Plaintiff had purchased but did not pay for. Plaintiff never answered her phone, and did not realize that Brachfeld was calling about her second account. Plaintiff did not even admit having a second account until long after she had filed suit. Had Plaintiff answered a single call earlier and advised Brachfeld of her refusal to pay this debt, the calls would have stopped sooner, as they did when she first communicated with Brachfeld by letter dated 2/14/11. Brachfeld has sought to resolve this claim since it first learned of the issue, by Plaintiff filing this lawsuit.

## II. FACTUAL BACKGROUND

| Date | Event | Reference |
|---|---|---|
| 11/10/67 | Plaintiff Donna Garcia marries Mr. Love | Garcia 28 |
| 4/23/82 | Ms. Garcia and Mr. Love Divorce | Garcia 28 |
| 1983 | Ms. Garcia opens her sears account. | Garcia 28 |
| 6/21/97 | Mr. & Mrs. Garcia marry. | Garcia 28 |
| 9/17/04 | Mr. & Mrs. Garcia purchase a freezer at Sears. | Garcia 132 |
| 12/05/06 | Brachfeld sends a letter regarding Sears Account. | Garcia 29 & Garcia 48 |
| 12/13/06 | Plaintiff calls Brachfeld back but hangs up. | Garcia 29 |
| 12/20/06 | Do not call status | R0054 |
| 1/28/07 | Do not call status lifted to request proof of prior payment as claimed from Mrs. Garcia | R0056 |
| 3/3/07 | Plaintiff speaks with Neil Wilson at Brachfeld and says debt is not hers. | Garcia 29 |
| 3/16/09 | Mrs. Garcia calls Brachfeld upset that her credit is being damaged by her ex-husband who is in jail. | |
| 12/6/10 | Mrs. Garcia gets a voice mail from Casey Fox at Brachfeld, returned the call but hung up on greeting. | Garcia 30 |
| 12/7/10-1/13/10 | Mrs. Garcia hangs up on 19 calls from Brachfeld. | Garcia 30 |
| 1/20-25/11 | On vacation but two calls from Brachfeld on caller ID. | Garcia 30 |
| 1/26/11 | Spoke with Mr. Palmer at Brachfeld and denied owing the debt and then hung up. | Garcia 31 |

**BRACHFELD TRIAL BRIEF**

2

| | | |
|---|---|---|
| 1/27/11-2/1/11 | Mrs. Garcia hangs up on 4 calls from Brachfeld. | Garcia 31 |
| 2/1/11 | Last call from Brachfeld, Mrs. Garcia answered the call, spoke with Haden, said she had sent letters in the past and asked Brachfeld to back off. | Garcia 31 |
| 2/14/11 | Letter from Plaintiff saying she does not owe the debt and Brachfeld file is closed. | Garcia 128 |
| 3/15/11 | Plaintiff files suit contending defendants have illegally attempted to collect a debt owed by her ex-husband. | |

## III. DEFENSES

It is rather unclear what evidence or claims Plaintiff intends to or can pursue, but Brachfeld may present evidence supporting a Bona Fide Error Defense if applicable to the evidence adduced at trial. A debt collector may not be held liable under the FDCPA if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

      Brachfeld also contends that Plaintiff had a duty to mitigate her damages by not only clearly communicating her concerns, but for also recognizing the error she made in failing to pay for a freezer she purchased on a promotional financing agreement.

## IV. CONCLUSION

      Brachfeld does not believe the evidence is sufficient to establish any violation of Federal or State law with respect to its' handling of this matter.

Date: April 24, 2012                      Respectfully Submitted,

                                                  By: /s/ Jonathan W. Birdt
                                                  Jonathan W. Birdt, Esq. (SBN. 183908)

**BRACHFELD TRIAL BRIEF**

3