Jonathan W. Birdt [SB# 183908]
Jbirdt@brachfeldcollections.com
**THE BRACHFELD LAW GROUP, P.C.**
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorney for Defendant,
THE BRACHFELD LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>             Plaintiff,<br><br>       vs.<br><br>RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a BRACHFELD & ASSOCIATES, P.C., and DOES 1-10,<br><br>             Defendant | Case No.: CV11-01253<br><br>**ADMINISTRATIVE MOTION TO QUASH SUBPOENA SERVED ON JEFFREY HARRIS AND LIMTIT THE SUBPEONA SERVED UPON ERICA BRACHFELD** |

## I.      INTRODUCTION

In the course of discovery Plaintiff sought net worth information on Brachfeld Law Group and after hearings with Judge Zimmerman, Brachfeld produced a complete tax return for 2010 demonstrating its' net worth. Erica Brachfeld will also be present at trial to testify on any questions regarding the net worth of Brachfeld.  Plaintiff has gone further and now seeks to compel the

**MOTION TO QUASH SUBPOENA SERVED ON JEFFREY HARRIS AND LIMT THE SUBPEONA SERVED UPON ERICA BRACHFELD**

1

attendance of Brachfelds' accountant and seeks confidential information from both the accountant and Erica Brachfeld- third parties by way of subpoena.

Because Plaintiff has no evidence of malicious conduct, much less intentional conduct, and because the Court has already addressed the issues of the confidentiality of these records, the subpoena to the account should be quashed as it is redundant of the testimony that can be provided of Erica Brachfeld and the document demands to Erica Brachfeld should be stricken because Plaintiff already has the 2010 tax return and Erica Brachfeld can testify on any questions of net worth.

## II. EVIDENCE OF MALICE

There is absolutely no evidence to suggest any malice by Brachfeld that would lead to an award of punitive damages. Plaintiffs own records, and the Courts ruling on the motion for summary judgment make this clear (Plaintiff cannot seek any damages or remedy base upon conduct occurring in 2006 & 2007). Plaintiffs claims are limited to what happened between December, 2010 and February, 2011, to wit, Brachfeld called Plaintiff between 20 & 50 times, Plaintiff hung up on each call until the last call when she spoke with a Brachfeld representative and the calls stopped. Brachfeld does not dispute receipt of a cease and desist letter in 2006 and as such has offered to stipulate to that issue thereby eliminating the need for any liability evidence at trial, but Plaintiff expressed no interest in such stipulation and in fact has identified almost 80 exhibits that all relate to the time frame specifically excluded from this matter by order of this court (MSJ ruling at Page 7, Lines 3-5). As such the only real issue for this trial is did those calls cause harm, could Plaintiff have prevented that harm by simply speaking with the caller and finally, does the bona fide error defense apply to those calls because Brachfeld has extensive policies and procedures that worked in this case, but were not in effect in 2006 when the letter was received. There are no

**MOTION TO QUASH SUBPOENA SERVED ON JEFFREY HARRIS AND LIMT THE SUBPEONA SERVED UPON ERICA BRACHFELD**

other factual allegations that come in to evidence, and as such, the subpoenas are excessive and seek privileged information.

### III. SUBPOENA & DOCUMENTS SOUGHT

The subpoenas seek to force the Brachfeld third party accountant to travel from Santa Barbara to San Francisco for trial, when the same information can be gathered from Erica Brachfeld who will be present. The subpoenas also seek to have both produce confidential and private financial material even though Erica Brachfeld can testify to those facts and the Tax return demonstrating net worth have already been provided to Palintiff.

Specifically the subpoenas seek:
1. 2010 & 2011 tax returns including all schedules.
2. All documents used to prepare the tax returns (which would include confidential employee compensation)
3. Financial statements (which would include confidential and attorney client privileged forecasts and evaluations)
4. Tax returns for the past three years (redundant of number 1 and previously denied by Judge Zimmerman)
5. Profit and loss statements for each of the preceding 12 quarters.
6. Financial statements for the past three years.

These subpoena requests are redundant and seek confidential information that can be presented to the jury, if warranted, through less intrusive sources, and sufficient net worth data has already been given to the Plaintiff following extensive meet and confers and orders by Judge Zimmerman.

**MOTION TO QUASH SUBPOENA SERVED ON JEFFREY HARRIS AND LIMT THE SUBPEONA SERVED UPON ERICA BRACHFELD**

3

### IV. <u>FRCP LIMITS</u>

FRCP 45provides that (c) (3) (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

### V. <u>CONCLUSION</u>

There is no evidence to support any claim for punitive damages, and even if there is something produced, Plaintiff has sufficient information already making the subpoenas unduly burdensome because they have the tax returns previously ordered to be produced and will have Erica Brachfeld present to testify on the issue.

Date: May 1, 2012                    Respectfully Submitted,

                                     By: /s/ Jonathan W. Birdt
                                     Jonathan W. Birdt, Esq. (SBN. 183908)

**MOTION TO QUASH SUBPOENA SERVED ON JEFFREY HARRIS AND LIMT THE SUBPEONA SERVED UPON ERICA BRACHFELD**