Ronald Wilcox, Esq., State Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Paul Henry Nathan, Esq., Bar No. 262697
The Law Offices of Paul Nathan, P.C.
540 Pacific Ave.,
San Francisco, CA
Tel: (415) 341-1144
paulnathan@nathanlawoffices.com

ATTORNEYS FOR PLAINTIFF DONNA GARCIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>                    Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING, LLC, BRACHFELD LAW GROUP, P.C.,<br><br>                    Defendants. | Case No. 11-1253 EMC<br><br>**PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Date:        July 13, 2012<br>Time:        1:30 pm.<br>Judge:       Honorable Edward M. Chen<br>Courtroom:   Number 5, 17th Floor<br>Place:       450 Golden Gate Ave.,<br>             San Francisco |

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

**TABLE OF CONTENTS**

Page

I.      NOTICE AND MOTION ………………………………………………………… 1

II.     BACKGROUND…………………………………………………………………… 1

III.    FACTS……………………………………………………………………………… 2

IV.    PROCEDURAL HISTORY……………………………………………………… 3

V.      STATEMENT OF FACTS……………………………………………………… 6

VI.    ARGUMENT……………………………………………………………………… 7

        A.  PLAINTIFF, DONNA GARCIA, WAS SUCCESSFUL IN THIS ACTION……........ 7

        B.  PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO
            THE LODESTAR FORMULA……………………………………………… 8

        C.  THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF
            THE JUDGMENT……………………………………………………….....8

            1.   Prevailing Market Rates Are the Standard…………………………………… 9

            2.   The Award of Attorneys' Fees Is Not Limited by the Amount of Damages…….. 10

        D.  PLAINTIFF IS ENTITLED TO A MULTIPLIER……………………………..... 12

        E.  PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS
            AND LITIGATION EXPENSES………………………………………….... 15

        F.   ADDITIONAL TIME AND COSTS WILL BE INCURRED……………….......... 16

VII.   CONCLUSION…………………………………………………………….... 16

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

**TABLE OF AUTHORITIES**

**CASES**                                                               **PAGE**

*Armstrong v. The Rose Law Firm, P.A,*
    2002 WL 31050583 (D. Minn., Sept. 5, 2002)……………………………………11

*Blum v. Stenson,*
    465 U.S. 886, 895, 104 S. Ct. 1541, 1547……………………………………………9

*Bretana v. Int'l Collection Corp.,*
    2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8, 2010) (J. Fogel)……………………11

*Camacho v. Bridgeport Financial, Inc.,*
    523 F.3d 973, 978 (9th Cir. 2008) (*Camacho II*)……………………..........................7, 8, 16

*Carrizosa v. Legal Recovery Services,*
    2011 WL 1674964, *1 (N.D. Cal., May 3, 2011)……………………………………9

*City of Oakland v. Oakland Raiders,*
    203 Cal. App. 3d 78, 249 Cal. Rptr. 606 (Cal. App. 1988)……………………………13

*City of Riverside v. Rivera,*
    477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986)…………………..10

*City of Riverside v. Rivera,*
    supra, 477 U.S. at 575, 106 S. Ct. at 2694……………………………………………11

*Clark v. Capital,*
    460 F.3d 1162, 1171-1172 (9th Cir. 2006)……………………………………………2

*Crommie v. California PUC,*
    840 F. Supp. 719 (N.D. Cal. 1994).")…………………………………………………..13

*Cruz v. Int'l Collection Corp.,*
    2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8, 2010) (J. Fogel)………………......11

*Evans v. Jeff D.,*
    475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986)………...................11

*Danow v. Law Office of David E. Borack, P.A.,*
    2010 WL 597213 (11th Cir., Feb. 22, 2010)……………………………………………12

*David v. City of Scranton,*
    633 F.2d 676 (3d Cir. 1980)……………………………………………………...........16

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

*DeJesus v. Banco Popular de Puerto Rico,*
    918 F.2d 232, 235 (1st Cir. 1990)......................................................................7

*Graziano v. Harrison,*
    950 F.2d 107, 113 (3d Cir. 1991)…………………………………….......7, 11

*Haitian Refugee Center v. Meese,*
    791 F.2d 1489, 1500-01 (11th  Cir. 1986)……………………………………15

*Hensley v. Eckerhart,*
    461 U.S. 424, 437 (1983)……………………………………………….......5

*Hensley v. Eckerhart,*
    461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983)……………….......8

*Horsford v. Board of Trustees of CSU,*
    132 Cal. App. 4th 359 (2005)………………………………………………13

*House v. Shapiro and Price,*
    2011 U.S. Dist. LEXIS 38322 (E.D. WI 2011)………………………………….10

*Hunt v Imperial Merchant Services,*
    2010 WL 3958726, * 6 (N.D. Cal., Oct. 7, 2010)……………………………….9

*Friend v. Kolodzieczak,*
    72 F.3d 1386, 1389 (9th Cir. 1995)…………………………………….......8

*Ilick v. Miller,*
    68 F. Supp. 2d 1169, 1181 (D. Nev. 1999)………………………………...15

*In re Pine,*
    705 F.2d 936, 938 (7th Cir. 1983)………………………………………….12

*Independent Federation of Flight Attendants v. Zipes,*
    491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989)…………………….8

*Johnson v. Eaton,*
    80 F.3d 148 (5th Cir. 1996)………………………………………….......11

*Jordan v. Multnomah County,*
    815 F.2d 1258, 1264 (9th Cir. 1987)……………………………………….16

*Johnson v. State of Miss.,*
    606 F.2d 635, 638 (5th Cir. 1979)………………………………………….16

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

*Kurowski v. Krajewski,*
    848 F.2d 767, 777 (7th Cir. 1988)……………………………………………….15

*Lathem v. Department of Children & Youth Servs.,*
    172 F.3d 786, 794 (11th Cir. 1999)……………………………………………..15

*Libertad v. Sanchez,*
    134 F. Supp. 2d 218, 236 (D.P.R. 2001)………………………………………..15

*Lindenbaum v. NCO Financial Systems,*
    2011 U.S. Dist. LEXIS 78069 (E.D. PA 2011)…………………………………10

*Mangold v. Public Utilities Commission,*
    67 F.3d 1470 (9th Cir. 1995)……………………………………………………12

*Mcgowan v. King, Inc.,*
    661 F.2d 48, 51 (5th Cir. 1981)………………………………………….……12

*Moreland v. Dorsey Thornton and Associates,*
    2011 U.S. Dist. LEXIS 54487 (E.D. WI 2011)…………………………………10

*Northcross v. Memphis Bd. of Education,*
    412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)………………….8

*Perez v. Perkiss,*
    742 F. Supp. 883 (D. Del. 1990)………………………………………………12, 16

*Quaration v. Tiffany & Co.,*
    166 F.3d 422 (2d Cir. 1999)…………………………………………............10

*Schimmel v. Slaughter,*
    975 F.Supp. 1481, 1484 (M.D. Ga. 1997)………………………………………12

*Serrano v. Priest,*
    20 Cal. 3d 25, 569 P.2d 1303, 141 Cal. Rptr. 315 (Cal. 1977)………………………..12, 13

*Sousa v. Miguel,*
    32 F.3d 1370, 1374 (9th Cir. 1994)……………………………………………15

*Student Public Interest Research Group v. AT&T Bell Laboratories,*
    842 F.2d 1436, 1449 (3d Cir. 1988)……………………………………………...11

*Sundance v. Municipal Court,*
    192 Ca. App. 3d 268, 273-274 (1987)………………………………………......7

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

*Thorpe v. Collection Information Bureau, Inc.*,
    963 F. Supp. 1172, 1174 (S.D. Fla. 1996)………………………………………………7, 8

*Tolentino v. Friedman*,
    46 F.3d 645, 652-653 (7th Cir. 1995)………………………………………….....9

*United Nuclear Corp. v. Cannon*,
    564 F. Supp. 581, 591-92 (D.R.I. 1983)…………………………………………16

*Zagorski v. Midwest Billing Services, Inc.*,
    128 F.3d 1164 (7th Cir. 1997)……………………………………………...........10, 12


**STATUTES**                                                            **PAGE**

California Code Civil Procedure
    §1021.5………………………………………………………………………13

California Government Code
    § 12965(b)………………………………………………………………….....13

Code of Civil Procedure
    §1788.11(e)………………………………………………………………………2
    §1788.17…………………………………………………………………………2,8
    §1788.30……………………………………………………………………….....8

15 United States Code
    § 1692k(a)(3)……………………………………………………………………7, 15
    § 1692c(c)………………………………………………………………………2
    § 1692d………………………………………………………………………….....2

28 United States Code
    § 1920………………………………………………………………………………15

42 United States Code
    § 1988………………………………………………………………………….....8

Federal Rule Civil Procedure
    30(b)(6)………………………………………………………………………5

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

## I. NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS

PLEASE TAKE NOTICE THAT on July 13, 2012, 1:30 p.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 450 Golden Gate Ave., San Francisco, CA, Courtroom #5, 17th Floor, the Plaintiff will move the court for reasonable attorney's fees and costs. This motion will be based on the herein notice and motion, including the legal authorities cited, the supporting declaration, all documents related to the motion, all documents in the Court's file in this action, and any other items the Court deems appropriate.

## II.  BACKGROUND

From 2006-2011 Defendant Resurgent Capital Services, L.P. and LVNV Funding, LLC- one of the nation's largest debt collection agencies- hounded Donna Garcia for a debt that was disputed. Although it had no documentation of the debt, Defendants gambled on the prospect that Ms. Garcia would, like thousands of other consumers contacted by Defendants, be more willing to make at least a partial payment on the debt than incur legal expenses fighting them.  Its gamble did not pay off.

Generally, Plaintiff filed her complaint on March 15, 2011, because Defendants placed more than fifty (50+) telephone calls to her in less than three (3) months (from November 2010 to February 2011)- in an attempt to collect a debt which she was told was from 1983- including calling some days after Plaintiff hung up.  The repeated calls occurred despite the fact Plaintiff sent at least five (5) cease and desist letters, from 2006 to 2011 to various collection agencies (including Defendant Brachfeld), asking they simply leave her alone.  In numerous calls Plaintiff would answer, heard a pre-recorded message it was Defendants again attempting to collect a debt, and hang up. When Plaintiff called Resurgent to complain she was referred back to Defendant Brachfeld. Defendants also made false, deceptive and misleading statements in an attempt to collect a debt.

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

Congress gave consumers the right to order[1] a debt collector to cease attempts to collect, whether the consumer owes a debt or not.  As a result, a consumer can simply indicate they "refuse to pay" the collector, and the collections must cease. 15 U.S.C. 1692c(c).  Furthermore, making repeated and continuous telephone calls has the natural consequence to harass and abuse. 15 U.S.C. 1692d, Civil Code 1788.17, and 1788.11(e). After contentious litigation Defendants agreed to settle this matter by agreeing to pay Plaintiff $50,000, that she is the prevailing party, and to have this court retain jurisdiction to decide the reasonable attorney's fees and costs to be awarded to Plaintiff.

Thus, the ordeal for Plaintiff, which began in 2006 appears to be finally nearing its end.

## III. FACTS

From 2006 to 2011 LVNV placed the debt with various collection agencies that attempted to collect from Ms. Garcia.  Ms. Garcia requested proof of the debt, but was rejected. Id.  In telephone conversations these various collectors told Plaintiff, even if the debt was from 1983, or her ex-husband's, she had to pay it, since she was responsible.  Numerous debt collection agencies ignored Plaintiff's request that they verify this debt, and cease and desist contacting her.  LVNV would then simply place the account with a different collection agency, forcing Ms. Garcia to again request proof of the debt, and since no proof was ever provided, dispute the debt and request the collections cease. With each successive placement to a new collection agency Ms. Garcia would send another letter disputing the debt, and demanding the collector's cease.  Plaintiff's requests for more information were rejected, and the debt collectors never sent Ms. Garcia proof of the debt.

So, Ms. Garcia disputed the debt and sent at least five (5) cease and desist letters; however Defendants ignored the letters and continued to attempt to collect the debt, as is Defendants' corporate

---

[1] The Ninth Circuit Court of Appeals has called a "cease and desist letter" a cease and desist order. *Clark v. Capital*, 460 F.3d 1162, 1171-1172 (9th Cir. 2006).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

1   policy.  LVNV's corporate designee, Jean Paul Torres, testified[2] LVNV received the Plaintiff's

2   numerous cease and desist letters and stored such in its computer system.[3] Docket #85-1, (Exhibit 2).

3   Torres also testified the cease and desist letters were forwarded to Brachfeld around October of 2006.[4]

4   Plaintiff also sent Brachfeld at least two cease and desist letters.  Moreover, Brachfeld testified it

5   received Plaintiff's December 2006 letter.  Docket #85-3, Brachfeld Deposition (John Birdt), 66:1-11,

6   89:2-5. (Exhibit 7).  Unfortunately, the calls continued until Ms. Garcia brought suit.

7          While Defendants have a veritable army of lawyers, with both inside and outside counsel,

8   Plaintiff could not afford to pay attorneys on an hourly basis to handle the matter.  Plaintiff struggled to

9   find anyone to help her, turning to ABC News and the California Department of Consumers Affairs.

10  For a while it seemed simply wiser to cave into the pressure and pay Defendants to go away.

11  Ultimately, Ms. Garcia's call to a District Attorney's Office led to a referral to Plaintiff's counsel, and

12  the ability to pursue her rights under fair debt collection laws.

### IV.  PROCEDURAL HISTORY

       On March 15, 2011, Plaintiff filed her Complaint against Defendants. Dock# 1. On April 20 and

April 25, 2011, Defendants filed their Answers, with numerous denials. Dock# 10 and 12.

       On June 27, 2011, the Court entered an Order referring the case to Mediation. Dock# 27.

Unfortunately, the case was not resolved.

       On September 19, 2011, the Court granted Plaintiff's request for an extension of time for the

parties to file a joint discovery letter, since Defendants had yet to provide their comments. Dock# 32.

On October 4, 2011, the Court issued an order requiring Defendants to provide certain discovery

---

[2] See Docket #85-1 (Deposition of LVNV (Jean Paul Torres), 5:6-9, Wilcox Decl., (Exhibit 2).
[3] Docket #85-1 (Deposition of LVNV (Jean Paul Torres), 35:10-36:1, 38:3-10, 26:10-27:11, Wilcox Decl., (Exhibit 2)).
[4] Docket #85-1 (Deposition of LVNV (Jean Paul Torres), Id. at 46:15-47:7, 47:23-48:2, Wilcox Decl., (Exhibit 2)).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
   Case No. 11-1253 EMC

responses regarding their financial condition. Dock# 38.  On October 7, 2011, at a Case Management Conference, the Court granted Plaintiff's request and ordered Defendants to produce the insurance coverage information they had failed to produce.

On October 12, 2011, the Court entered an Amended Case Management and Pretrial Order, setting trial for June 11, 2012. Dock# 40.  On October 17, 2011, the Court granted Plaintiff's request and entered an Order Amending the Case Management Order, allowing 10 depositions per side pursuant to the Fed. R. Civ. P., and ordered a discovery conference. Dock #43. On October 20, 2011, the Court held a telephonic discovery conference. Dock #45.  On October 21, 2012, I attempted to meet and confer in person with Resurgent/LVNV, and record the session as required, but its counsel refused to meet and confer.

On November 7, 2011, the Court entered an order regarding the Skype video depositions of Defendant Brachfeld and its employee Betty Gonzalez. Dock# 54.  On November 7, 2012, the Court also held a one-hour discovery conference, and discussed whether a Settlement Conference may be appropriate.  Plaintiff indicated it would be if the insurance carriers were present at the conference.  On November 8, 2011, the Court entered an order for a Settlement Conference to be held by U.S. Magistrate Judge Bernard Zimmerman. Dock #54.  On November 29, 2011, the Hon. Bernard Zimmerman issued an order that the case did not settle. Dock# 62.

In November and December 2011, numerous depositions were taken.

On January 6, 2012, the granted Plaintiff's request and issued an order extending the discovery deadline to allow the completion of the deposition of ex-Brachfeld employee Courtney Hileman (since Defendants argued it could not accommodate the funeral Ms. Garcia was required to attend and simply, complete the deposition the following week). Dock #73.  On February 9, 2012, Defedant Brachfeld filed a motion for Summary Judgment. Dock# 79.

- 4 -

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

On February 15, 2012, Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC, filed their motions for Summary Judgment. Dock# 80.  On February 21, 2012, the court granted Plaintiff's request to modify the briefing schedule, over Defendant Brachfeld's objection, since Defendant Brachfeld filed its motion for summary judgment when it knew Plaintiff's counsel was out of the country. Dock# 83.

On March 5, 2012, Defendant Brachfeld filed its reply to the MSJ, arguing Plaintiff had not stated a cognizable claim under the FDCPA or RFDCPA. Dock# 88, 5:8-11. On March 9, 2012, Defendants Resurgent/LVNV filed their reply to the MSJ, arguing Plaintiff had not stated a cognizable claim under the FDCPA or RFDCPA. Dock# 89, 5:11-19.  On April 4, 2012, the court rejected Defendants' arguments and denied the Motions for Summary Judgment. Dock# 96.

On April 23, 2012, the court granted Plaintiff's Motion for Order Shortening Time, to have the court address the issue of whether certain witnesses could be compelled to trial. Dock# 105.  On April 27, 2012, the court granted Plaintiff's request, over Defendant's objection (at least as to Birdt), and ordered Defendant Brachfeld and its Fed. R. Civ. P. 30(b)(6) witness/counsel Jon Birdt, to appear and testify at the May 31, 2012 trial.

On May 1, 2012, the court, over Defendants' objection, granted Plaintiff's request for an order requiring the parties meet and confer in person regarding all pretrial matters.  Dock# 117.  On May 7, 2012, the parties met and conferred in person as ordered, and at such time reached the resolution described above.  On May 8, 2012, the court entered an order requiring: 1) Defendants to pay $50,000 to Plaintiff by June 7, 2012, and 2) Plaintiff to file a motion for attorney's fees and costs. Dock # 122.  Thus, Plaintiff has filed the herein motion.

On May 24, 2012, Plaintiff forwarded a fee demand, along with detailed time records, in hopes to avoid a "second major litigation" over fees.  See *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
   Case No. 11-1253 EMC

Unable to reach a resolution, Plaintiff filed the herein motion.

## V.  STATEMENT OF FACTS

Ms. Garcia, Plaintiff herein, was represented by Ronald Wilcox and Paul Nathan.  The time devoted to the matter by Ms. Garcia's attorneys, and their staff, is represented below. Detailed time records are contained in the accompanying declaration of Ms. Garcia's counsel. Mr. Wilcox's 2012 rate is $400.00 per hour. Mr. Nathan's 2012 rate is $3000.00 per hour.  The total lodestar calculation for the services of Plaintiff's counsel's offices appears below.

Ms. Garcia's counsel also incurred costs and litigation expenses in prosecution of this matter, which appear in the below and are itemized in the billing statements attached to the accompanying declarations.  Ms. Garcia will expend additional time and costs in order to complete this litigation, and will file supplemental declarations in that regard.

Ms. Garcia is the prevailing party in this litigation and is entitled costs and reasonable attorney fees described below:

| | |
|---|---|
| Ronald Wilcox | $181,583.00 |
| Paul Nathan | $35,070 |
| Costs | $9,844.40 |

**Total fees and costs  $226,497.40**

This encompasses counsel's efforts in investigating Ms. Garcia's claims, researching and drafting pleadings, serving and conducting discovery, winning a series of motions, preparing the case for a jury trial, and ultimately securing an order from the Court requiring Defendants to pay Ms. Garcia $50,000, an amount in excess of fifty (50) times the debt that was in dispute.

Counsel has carefully reviewed the time records to ensure that only productive and necessary efforts are included in this fee petition.  Numerous items have been marked "Reduced", 'No charge", or

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

"0.0", where appropriate.  Furthermore, California permits recovery of all time reasonably expended in the litigation, whether or not each time entry contributed to the successful claim. See *Sundance v. Municipal Court*, 192 Ca. App. 3d 268, 273-274 (1987).  Nevertheless, in a further exercise of billing judgment Plaintiff's counsel is requesting 10% less than the actual lodestar calculation.

## VI.  ARGUMENT

### A.  PLAINTIFF, DONNA GARCIA, WAS SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer.

> [a]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.[5]

Under the FDCPA, the prevailing plaintiff is entitled to a reasonable attorney's fee as determined by the Court.[6]  "The FDCPA's statutory language makes an award of fees mandatory."[7] The parties have stipulated that, "Plaintiff is the prevailing party."  As the prevailing party in this case, Ms. Garcia is entitled to an award of costs and reasonable attorney's fees.[8]

Given the structure of the FDCPA, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys-general.[9]  The RFDCPA incorporates the fee shifting provision of the FDCPA, and similarly awards attorney fees and

---

[5]     15 U.S.C. § 1692k(a)(3).
[6]     15 U.S.C. § 1692k(a)(3).
[7]     *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th  Cir. 2008)(*Camacho II*)(citation omitted).
[8]     *Thorpe v. Collection Information Bureau, Inc.*, 963 F. Supp. 1172, 1174 (S.D. Fla. 1996).
[9]     *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  *See also, DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

costs.[10]

**B.   PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.**

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.[11]

Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here.  "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"[12]  "We have stated in the past that fee-shifting statutes' similar language is 'a strong indication that they are to be interpreted alike.'"[13]  The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar."[14]

Ms. Garcia's counsel's compensable time in this litigation appears in the table above, and the accompanying declarations.  This amount of time is reasonable.  The standard hourly rates of $400.00 charged by Mr. Wilcox and $300.00 charged by Mr. Nathan are appropriate for attorneys of their experience in this type of litigation.[15]

**C.   THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT.**

---

[10]     Civil Code §1788.17 and Civil Code 1788.30.

[11]     *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (*Camacho II*).  *See also, Thorpe v. Collection Information Bureau, Inc.*, 963 F. Supp. at 1174.

[12]     *Hensley v. Eckerhart*, 103 S. Ct. at 1939, n.7.

[13]     *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989), *quoting, Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973).

[14]     *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

[15]     See accompanying declarations.

---

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

Ms. Garcia is entitled to an award of her attorney fees based upon the lodestar formula. Defendants may, however, suggest that a lesser amount is appropriate.

### 1.      Prevailing Market Rates Are the Standard.

The U.S. Supreme Court has stated: "The statute and legislative history establish that 'reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel."[16] "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law."[17]

Mr. Wilcox declaration attests that his 2012 hourly rate is $400, and he has had that rate since June 1, 2011.  Furthermore, that is the rate he charges in non-contingent matters.  The declaration also provides a rate history showing his rates over time.  His 2010 rate was $350, for work performed up to August 2010.  That was nearly two (2) years ago, and an adjustment to that rate is appropriate.

Mr. Wilcox reviews his hourly rate every year on his bar admission anniversary and his current hourly rate went from $350 to $400 on June 1, 2011; the previous rate increase was in June 2009, as explained in the accompanying declaration. Also see, *Carizzossa v. Legal Recovery Services*, 2011 WL 1674964, *1 (N.D. Cal., May 3, 2011)(awarding $350 per hour for services performed up to December 2010);  *Hunt v Imperial Merchant Services,* 2010 WL 3958726, * 6 (N.D. Cal., Oct. 7, 2010)(awarding $350 per hour for services performed up to August 2010)).

---

[16]       *Blum v. Stenson*,  465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (footnote omitted).  *See also: Camacho II* at 979-81.

[17]       *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

- 9 -

Mr. Wilcox's hourly rate is reasonable in light of his experience and skill and the prevailing market rates in the Bay Area Legal community.  It is also the rate he charges his fee paying clients. Moreover, the rates are appropriate in light of what is charged in the market place for attorneys with comparable skills and experience.  Also see accompanying declarations of Richard Pearl, Fred Schwinn, Scott Maurer, Ronald Wilcox, Paul Nathan, and Donna Garcia.

Mr. Wilcox has also attached a U.S. Consumer Law Attorney Fee Survey Report, indicating a median attorney fee rate of $412 for an attorney in California with 13 years experience. Page 32, **Exhibit 1.** Mr. Wilcox has more than 17 years experience. Several courts have relied on this survey in determining rates in consumer law matters. *Lindenbaum v. NCO Financial Systems*, 2011 U.S. Dist. LEXIS 78069 (E.D. PA 2011), *House v. Shapiro and Price*, 2011 U.S. Dist. LEXIS 38322 (E.D. WI 2011), *Moreland v. Dorsey Thornton and Associates*, 2011 U.S. Dist. LEXIS 54487 (E.D. WI 2011).

Mr. Nathan's declaration attests that his 2012 hourly rate is $300.

### 2.      The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorney fees pursuant to a lodestar calculation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves."[18]  The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards.  Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees.  The Court

---

[18]      *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted).  *Also see: Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.[19]

The Third Circuit amplified this thought stating:

> Congress provided  fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies.  By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.[20]

"Congress has  relied on such plaintiffs to act as private attorneys general."[21]  The amount of damages awarded often has borne no relation to the amount of attorney's fees granted.  "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'"[22]  Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount.[23]

For example, in *Cruz v. Int'l Collection Corp.*,[24] the Northern District of California awarded a consumer's counsel $22,656.17 in attorneys' fees and $2,854.81 in costs where the plaintiff recovered $1,000 in statutory damages.  In *Bretana v. Int'l Collection Corp.*,[25] the Northern District of California awarded $50,542.17 in attorneys' fees and $5,268.51 in costs where the plaintiff recovered $2,500 in damages.  In *Armstrong v. The Rose Law Firm, P.A.*,[26] the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages.  The Southern District of

---

[19]      *City of Riverside v. Rivera*, supra, 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

[20]      *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

[21]      *Id.*, at 1450 n.13.  *Also see: Graziano v. Harrison*, 950 F.2d at 113.

[22]      *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted).

[23]      *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

[24]      2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8, 2010) (J. Fogel).

[25]      2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8, 2010) (J. Fogel).

[26]      2002 WL 31050583 (D. Minn., Sept. 5, 2002).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff

recovered FDCPA statutory damages of only $1,000.[27]  In *Perez v. Perkiss*,[28] the district court awarded

$10,110 in attorney's fees where the plaintiff's recovery was only $1,200.  The Seventh Circuit

reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered $100 ($50

each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees.[29]

Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound

discretion of the judge.[30]

Here, Plaintiff's counsel "did not inflate this small case into a large one; its protraction resulted

from the stalwart defense.  And although defendants are not required to yield an inch or to pay a dime

not due, they may by militant resistance increase the exertions required of their opponents and thus, if

unsuccessful, be required to bear that cost."[31]  Because Defendants have vigorously opposed Plaintiff's

claims, including filing a motion to dismiss, Defendants must compensate Plaintiff's attorneys for the

time and expenses incurred on their successful efforts to overcome Defendants' opposition.

## D. PLAINTIFF IS ENTITLED TO A MULTIPLIER

The Ninth Circuit has held Plaintiff's asserting successful claims under state law fee shifting

statutes are entitled to a multiplier. *Mangold v. Public Utilities Commission,* 67 F.3d 1470 (9th Cir.

1995)("California law permits such enhancements under state fee-shifting statutes. *See, e.g., Serrano v.*

---

[27]     *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R. 696 (S.D. Fla. 2001).

[28]     *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990).

[29]     *Zagorski v. Midwest Billing Services, Inc.*, supra.

[30]     *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga. 1997); Also, see *Danow v. Law Office of David E. Borack, P.A.*, 2010 WL 597213 (11th Cir., Feb. 22, 2010) (Although the consumer recovered the same $1,000 damages contained in the Offer of Judgment, the final Judgment obtained was not confidential as required by the Offer, and the consumer was entitled to the award of attorneys' fees in the amount of $62,895.00 plus costs of $715.60).

[31]     *Mcgowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). *See also: In re Pine*, 705 F.2d 936, 938 (7th Cir. 1983).

- 12-

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC

*Priest,* 20 Cal. 3d 25, 569 P.2d 1303, 141 Cal. Rptr. 315 (Cal. 1977); *City of Oakland v. Oakland Raiders,* 203 Cal. App. 3d 78, 249 Cal. Rptr. 606 (Cal. App. 1988). Given that Plaintiffs succeeded on both federal and state statutory grounds (which both provide for fee awards to prevailing parties), the trial court awarded fees based on the state law, Cal. Code Civ. P. §1021.5 and Cal. Gov't Code § 12965(b). Applying state law, the court enhanced by a multiplier of 2.0, and awarded fees of $ 637,440. *See Crommie v. California PUC,* 840 F. Supp. 719 (N.D. Cal. 1994).").  Herein, Plaintiff has brought claims for unlawful collections under both the federal FDCPA and California's Rosenthal FDCPA.

Furthermore, the California Courts of Appeal have reversed a trial court's fee award that declines a contingent risk lodestar enhancement as an abuse of discretion. See *Horsford v. Board of Trustees of CSU*, 132 Cal. App. 4th 359 (2005).

Ms. Garcia did not have the financial resources to hire an attorney on an hourly basis to protect her rights.  Indeed, debt buyers like Defendants herein typically bank on the fact consumers will be unable to obtain an attorney and learn about their legal rights.  Only by finding an attorney willing to undertake the case on a contingent fee basis could Ms. Garcia secure representation take on Defendants.

Such contingent-fee arrangements command enhanced attorney fees in the San Francisco Bay Area legal marketplace.   Plaintiff's research has shown that an appropriate multiplier for cases involving debt buyers and collection matters is 1.5 to 2.0, including a multiplier of 2.0 awarded against LVNV Funding, LLC.  Plaintiff respectfully requests a multiplier of 2.0. See Wilcox Decl. **Exhibit 1**, Schwinn Decl. **Exhibit 1**, and Request for Judicial Notice:

• **LVNV Funding, LLC v. Nancy Taylor**, Case# 08-CV-119003, Santa Clara County Superior Court (September 8, 2009)(awarding a multiplier of 2.0).

• **Credigy Recievables, Inc. v. Drader**, Case# WG 04176995, Alameda County Superior Court (December 30, 2005)(awarding a multiplier of 2.0).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

In considering whether to apply a multiplier the court should consider the following factors. Plaintiff's counsel took on several novel and developing issues in FDCPA jurisprudence, including whether a Plaintiff is required to use precise language in ordering a debt collector to cease, whether a cease and desist letters from 2007 prohibits communications in 2011, whether Defendants must actually converse with a consumer for there to be a viable claim of abuse, whether a debt buyer is liable for the acts for its debt collector agent (as well as whether they can be liable for punitive damages), and whether certain witnesses can be compelled to appear and testify at trial. This Court's denial of Defendant's Motions for Summary Judgment, and other orders, demonstrates Plaintiff's success in this regard.

Additionally, by FDCPA standards Plaintiff's counsel has demonstrated exceptional skill and very favorable results. Defendants were ordered to pay Plaintiff $50,000, and the court retained jurisdiction to determine the amount of attorney's fees and costs.

Furthermore, Plaintiff spent considerable time trying to vindicate her rights, including sending five (5) cease and desist letters from 2006-2011, contacting the California Department of Consumer Affairs, the three major credit reporting bureaus, several attorneys, and a District Attorney's office, before finding an attorney that was willing to handle the matter on a contingent basis.

Moreover, Plaintiff's counsel risked receiving no fee at all, having agreed to handle the matter on a contingent basis. Moreover, in agreeing to take on the contingent matter, and in being forced to prepare all of the pretrial documents in advance of the May 31, 2012 trial date, Plaintiff's counsel had to block out time and forego other potential clients, in an effort to keep up with Defendant's litigation tactics, and prepare the case for trial.

Thus, Plaintiff did not have the resources available to a government entity, like the State of Maryland who prosecuted Defendants Resurgent and LVNV for collection law violations (resulting in a

- 14 -

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 11-1253 EMC

cease and desist order prohibiting the debt buyers from attempting to collect debts in the State of Maryland;[32] or the California Legislature, that currently has pending the Fair Debt Buyer's Act, as a result of Defendant Brachfeld's unlawful collection practices towards State Senator Lou Correa.[33]

Furthermore, Plaintiff has provided accompanying declarations in support of the multiplier. See Declarations of Richard Pearl, Fred Schwinn, Scott Maurer, Ronald Wilcox, and Donna Garcia.

**E. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES.**

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. FDCPA "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying."[34]

The FDCPA grants the successful plaintiff "the costs of the action."[35] Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs.[36] Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research.[37] Costs may be recovered as provided for by statute as well as 28 U.S.C. § 1920.[38] Computer research costs are

---

[32]    See Request for Judicial Notice, and its **Exhibit 4**. The press release issued by the State of Maryland Department of Labor, Licensing and Regulation, is a similarly reliable government source. The press release, which is the first page of **Exhibit 4**, can be found at: http://www.dllr.state.md.us/whatsnews/lvnv.shtml. Also see Wilcox Decl.
       The remaining pages of **Exhibit 4** are the Summary Order to Cease and Desist and Summary Suspension of Collection Agency Licenses, which was explained in the press release. The Order can be found on the State of Maryland's website at: http://www.dllr.state.md.us/finance/consumers/pdf/lvnvc&d.pdf. Also see Wilcox Decl.
[33]    See Wilcox Decl., and
[34]    *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).
[35]    15 U.S.C. §1692k(a)(3).
[36]    *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994).
[37]    *Libertad v. Sanchez*, 134 F. Supp. 2d 218, 236 (D.P.R. 2001).
[38]    *See: Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999).

recoverable.[39]  Thus, Plaintiff's litigation expenses and costs are compensable.

**F. ADDITIONAL TIME AND COSTS WILL BE INCURRED.**

Plaintiff's counsel will incur additional time and expense in completing the attorney fee motion. Such additional time and expense are compensable.[40]  Thus, Plaintiff will file supplemental declarations.

## VII.  CONCLUSION

Attorney fees and expenses should be awarded to Plaintiff in the amount described above, with a multiplier of 2.0.  Fees totaled $216,653 (although counsel would accept a reduction of 10% (or $21,665.30) in an exercise of billing judgment).  The reduced loadstar would be $194,987.70. With a 2.0 multiplier the figure is $389,975.40.  The costs totaled $9,844.40.

Respectfully submitted,

/s/Ronald Wilcox                                    June 7, 2012
Ronald Wilcox,                                          Date
Attorney for Plaintiff

---

[39]      *United Nuclear Corp. v. Cannon*, 564 F. Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office.  As such, it saves lawyers' time by increasing the efficacy of legal research.  Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.").
[40]      *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988); *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1500-01 (11th Cir. 1986);  *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Perez v. Perkiss*, supra at 891-92.  *See also:  Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981-82 (9th Cir. 2008).

PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS
    Case No. 11-1253 EMC