Ronald Wilcox, Esq., State Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Paul Henry Nathan, Esq., Bar No. 262697
The Law Offices of Paul Nathan, P.C.
540 Pacific Ave.,
San Francisco, CA
Tel: (415) 341-1144
paulnathan@nathanlawoffices.com

ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDINC, LLC, et al.<br><br><br>　　　　　Defendant. | CIV. NO. 11-1253 EMC<br><br>**DECLARATION OF SCOTT MAURER IN SUPPORT OF PLAINTIFF'S ATTORNEY'S FEES AND COSTS** |

I, Scott Maurer, declare:

1. I am a member in good standing of the California State Bar. This declaration is submitted in support of Plaintiff's motion for reasonable attorneys' fees and expenses. I make this declaration based on my own personal knowledge, except for those statements based on

information and belief, and as to those matters I believe them to be true, and if called upon as a witness could and would testify thereto.

2. I understand that Mr. Wilcox was admitted to the California Bar in 1995, like myself. I understand that Mr. Wilcox has, like myself, concentrated on consumer protection matters including FDCPA litigation since that time. Mr. Wilcox and I co-counseled one FDCPA case together and he frequently attends Law Center advice clinics. I know that Mr. Wilcox is highly competent in matters relating to the FDCPA. For all of the above reasons I believe recent fee awards that I have received are relevant to what Mr. Wilcox's rate should be.

3. I graduated from Santa Clara Law with distinction in 1995. I was admitted to the bar in December, 1995. Since February 1, 1996, I have been a Supervising Attorney at the Katharine and George Alexander Community Law Center (formerly known as the East San José Community Law Center). At the Law Center, I supervise the handling of all consumer cases.

**Recent Fee Orders in Law Center Cases**

4. In the case of *Quinonez v. M. Auto Center West*, Santa Clara Superior Case No. 107cv098535, on an order for default judgment on July 10, 2008, the Honorable William Elfving issued an order awarding me fees at $360.00 per hour. In the same order, Judge Elfving found $125 an hour to be a reasonable rate for Law Center paralegal time. On September 18, 2008, the Honorable James Ware issued an order granting 100% of the attorney's fees requested in *Navarrette v. TD BankNorth, N.A.*, Northern District Case No. C07-02767-JW. I had based my fee claim on the rate of $360 per hour. The fees were awarded in conjunction with the final approval of a Truth in Lending class action settlement. On May 6, 2009, in the case of *Palisades Collection LLC v. Benjamin O. Viveros* the Honorable James C. Emerson granted the Center's

motion for fees and specifically found $400 per hour to be a reasonable rate for my time and $125 per hour to be a reasonable paralegal rate.

**My Opinion Regarding Hourly Rates**

5. I am familiar with attorneys' rates in this geographical area.

6. Based on my familiarity with geographic rates and based on the orders cited above it is my opinion that $400 an hour is eminently reasonable for Mr. Wilcox's time. There are few attorneys who are more capable of dealing with FDCPA matters, and achieving the level of success Mr. Wilcox has had for consumers.

7. Based on my familiarity with geographic rates and based on the orders above it is my opinion that $125+ an hour would be a reasonable market rate for paralegal time in this case.

**My Opinion on Mr. Wilcox's FDCPA Expertise**

8. I know that Mr. Wilcox has represented exclusively consumers over the course of his career, and that his specialties are consumer Bankruptcy and litigation under the Federal Fair Debt Collection Practices Act (FDCPA). He is likely the leading expert on FDCPA in the State of California. The FDCPA case Mr. Wilcox has brought have provided relief to both individuals as well as to statewide classes of California consumers.

9. I know that Mr. Wilcox is a very active member of the National Association of Consumer Advocates (NACA). Mr. Wilcox attends - and is often a featured speaker at - the national consumer conferences held by NACA and the National Consumer Law Center. As a result, Mr. Wilcox is acutely aware of trends effecting consumers not just locally, but nationally.

10. I note that in 2009 the Federal Trade Commission - recognizing Mr. Wilcox's expertise - invited him to be a panelist for an FTC roundtable titled Protecting Consumers in Debt Collection Litigation. I was present at that roundtable and it was apparent to me that Mr.

Wilcox had his finger on the pulse of those issues. Furthermore, I was impressed by his insightful proposals for solutions to the problems consumers were (and are) facing in that context.

11. Furthermore, I have personally litigated matters with Defendants herein. Achieving a settlement in favor of the consumer, from these Defendants, is particularly challenging.

12. Despite his extremely active practice, Ron makes time to volunteer weekly at our consumer advice clinics. At those clinics he helps mentor law students in interviewing and counseling, as well as consumer advocacy. I know that Ron has volunteered his time elsewhere: including but not limited to providing training to pro bono lawyers at the Lawyers Committee for Civil Rights, and by providing free advice to consumers through the local Lawyers in the Library program.

13. In 2011, the KGACLC awarded Ron its Community Award - an award designed to recognize the individual or firm who provided the most service to the low-income, multi-cultural population we serve. Ron was a fitting recipient of the award.

14. I know that there are very, very few attorneys in the Bay area who represent consumers in debt collection matters. Consumers who have such matters are simply unable to pay private attorneys. As a result, attorneys take these cases at the risk of receiving no compensation if they do not prevail. I believe the courts should award lodestar enhancements to private attorneys who take these kinds of cases to account for contingent risk. This might allow more consumers to find representation in cases such as these.

15. I know from my experience at the Law Center that many consumers who have meritorious claims and defenses in debt collection matters ultimately go unrepresented. In my

opinion, this problem might be redressed if the courts awarded enhancements to the lodestar for contingent risk.

I DECLARE UNDER PENALTY OR PERJURY AND UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: May 31, 2012

_____/s/_____
Scott Maurer