RONALD WILCOX SBN: 176601
**LAW OFFICES OF RONALD WILCOX**
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

PAUL HENRY NATHAN SBN: 262697
**LAW OFFICES OF PAUL H. NATHAN**
540 Pacific Avenue
San Francisco, CA 94133
Telephone:    415.341.1144
Facsimile:    415.341.1155
Electronic mail: paulnathan@nathanlawoffices.com

Attorneys for the Plaintiff
DONNA GARCIA

## U.S. DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA, | Case No.: **CV11-01253 EMC** |
| Plaintiff, | REQUEST FOR JUDICIAL NOTICE |
| v. | Honorable Edward M. CHEN |
| RESURGENT CAPITAL SERVICES, L.P, LVNV FUNDING, LLC, and THE BRACHFELD LAW GROUP, P.C., | Courtroom 5, 17th Floor |
| Defendant(s). | |

Plaintiff, by and through her attorneys, hereby respectfully requests the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:

In the case, *LVNV Funding, LLC. v. Nancy Taylor*, Santa Clara County Superior Court Case No.: 08-CV-119003 (September 8, 2009) the trial Court in that matter awarded a fee multiplier of 2.0 times costs to the prevailing party. A copy of the Trial Court's decision awarding a fee multiplier is attached hereto as **Exhibit 1**.

1                      REQUEST FOR JUDICIAL NOTICE

In *Taylor*, a collection was initially brought by LVNV Funding, LLC through their attorney Erica Brachfeld of the Brachfeld Law Group, against consumer Nancy Taylor to collect on a consumer credit card account alleged to be owed by Plaintiff. See Memorandum of Points and Authorities, attached as **Exhibit 2**

Taylor filed an answer and cross complaint alleging various violations of the Federal and California Fair Debt Collection Practices Acts. An order granting terminating sanctions in favor of Taylor were granted after LVNV Funding, LLC failed to comply with the Court's order compelling discovery. *Ibid.* The Court awarded Taylor a fee multiplier of 2 times fees and costs. **Exhibit 1.**

Again in, *Credigy Receivables, Inc. v. Drader*, Alameda County Superior Court Case No.: WG 04176995 (December 30, 2005) the trial Court awarded a fee multiplier of 2.0 times costs to the prevailing party. A copy of the Trial Court's decision awarding a fee multiplier is attached hereto as **Exhibit 3**.

The *Credigy* case saw the Court grant the prevailing party attorneys fees of $23,285. *Ibid.* After the Court applied the 2.0 multiplier the Court awarded the prevailing party a total of $46, 570.00 based upon the contingent risks with the Court citing *Ketchum v. Moses* 24 Cal.4th 1122. *Ibid.*

The first page of **Exhibit 4** is a press release issued by the State of Maryland. Courts within the Ninth Circuit have taken judicial notice of press releases issued by State Attorney General's Offices since they are a source whose accuracy cannot reasonably be questioned (*Culp v. McGavic*, 2011 U.S. Dist. LEXIS 118999 (D. Or 2011):[1]

> The article in *Willamette Week* contains selected quotations from a press release issued by Oregon Attorney General John Kroger. The court will exercise its discretion to take judicial notice of the statements reported by the newspaper because the press release itself constitutes a source whose accuracy cannot reasonably be questioned. Fed. R. Evid.

---

[1] The press release is available at: http://www.doj.state.or.us/releases/2011/rel031711.shtml.

201(b)(2).

The press release issued by the State of Maryland Department of Labor, Licensing and Regulation, is a similarly reliable government source. The press release, which is the first page of **Exhibit 4**, can be found at: http://www.dllr.state.md.us/whatsnews/lvnv.shtml.

The remaining pages of **Exhibit 4** are the Summary Order to Cease and Desist and Summary Suspension of Collection Agency Licenses, which was explained in the press release. The Order can be found on the State of Maryland's website at:

http://www.dllr.state.md.us/finance/consumers/pdf/lvnvc&d.pdf

Pursuant to Fed. R. Civ. P. 201 the Court can take judicial notice of information on a government entities website (*Davidson v. J.P. Morgan Chase, N.A.,* 2011 U.S. Dist. LEXIS 135573 (N.D. Cal. 2011):

> The court takes judicial notice of the P&A Agreement, which is available on the FDIC's website, under Fed. R. Evid. 201. *See* Fed. R. Evid. 201 (courts may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Additionally, the Court can take judicial notice of orders and judgments. *Gates v. Asset Acceptance, LLC*, 2011 U.S. Dist. LEXIS 81189 (S.D. Cal. 2011):

> In support of its Motion, Asset requests that the Court take judicial notice of (1) the complaint filed in *Asset Acceptance v. Gates*, San Diego County Superior Court, Case No. 37-2009-00069393-CL-CL-EC, and (2) the judgment entered in *Asset Acceptance v.Gates*, San Diego County Superior Court, Case No. 37-2009-00069393-CL-CL-EC. The Court **GRANTS** the request for judicial notice, but only for purposes of noticing the existence of the San Diego County Superior Court lawsuit and the claims made therein. *See In re Bare Essentials, Inc. Sec. Litig.*,745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

Furthermore, judicial notice may be taken of "adjudicative facts" such as court records existence and content. Rutter, Federal Civ. Pro. Before Trial, Calif. & 9th Cir. Editions, Ch. 14. Summary Judgment, E. Matters Constituting Proof, 4 [14:190] Judicial Notice; FRE 201.

Therefore, Plaintiff respectfully requests the Court grant this Request for Judicial Notice, and deny Defendants' objection to Exhibit 3 as evidence (Docket # 90).

DATED: June 7, 2012                    RESPECTFULLY SUBMITTED,

/s/Ronald Wilcox

_____
RONALD WILCOX
PAUL H. NATHAN
Attorneys for Plaintiff
DONNA GARCIA