Ronald Wilcox, Esq., State Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Paul Nathan, Esq., Bar No. 262697
The Law Offices of Paul Nathan, P.C.
540 Pacific Ave.,
San Francisco, CA
Tel: (415) 341-1144
paulnathan@nathanlawoffices.com

ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| DONNA GARCIA, | CIV. NO. 11-1253 EMC |
| Plaintiff, | **PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS** |
| vs. | |
| RESURGENT CAPITAL L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C., | |
| | HON. EDWARD M. CHEN |
| Defendants. | |

I, Donna Garcia, am the named plaintiff in this action.

1. I am a 63 year old woman and retired County of Santa Clara administrator.

2. It all began on or about March 30, 2006, when I received a collection letter from a company by the name of Ventus Capital, attempting to collect on an alleged Sears debt.

3. I never heard of Ventus Capital.

- 1 -

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

4. The letter said Ventus was attempting to collect a debt on behalf of LVNV Funding, LLC. The letter stated in part:

| Regarding | Reference Number | Creditor | Amount due |
|---|---|---|---|
| Sears | 160434874 | LVNV Funding, LLC | $921.83 |

**IMPORTANT NOTICE**

The following accounts have been placed with this office for collection:

| Date of Service | Regarding | Amount Owed |
|---|---|---|
| 05/1/1983 | Donna Garcia | $921.83 |

5. Relying on these letters and statements Defendants' agents made to me on the phone, I believed Defendants were mistakenly attempting to collect a debt that was owed by her ex-husband from 1983.

6. Indeed, in one of the first collection phone calls Ventus Capital reinforced my belief the debt was incurred by my ex-husband- to acquire aluminum siding for our former home.

7. Since, Ventus was unable to provide any further information about the debt, I began disputing the account and debt, and requesting the debt collectors cease contacting her. When the debt collector cannot deliver proof, I dispute it, refuse to pay it, and request that they cease contacting me. However, the debt collectors ignored my wishes and continued to call me.

8. From 2006 to 2011 LVNV placed the debt with various collection agencies that attempted to collect from me. I requested proof of the debt, but was rejected. Numerous debt collection agencies ignored my requests that they verify this debt, and cease and desist contacting me. LVNV would then simply place the account with a different collection agency, forcing me to again request proof of the debt, and since no proof was ever provided, dispute the debt and request the collections cease. With each successive placement to a new collection agency I would send another letter disputing the debt, and demanding the collector's cease. My requests for more information were rejected, and the debt

- 2 -

collectors never sent me proof of the debt. In telephone conversations they told me, even if the debt was from 1983, or my ex-husband's, I had to pay it, since I was responsible.

9. I disputed the debt and sent at least five (5) cease and desist letters; however the debt collectors ignored those letters and continued to attempt to collect the debt.

10. I received or sent the following collection, dispute, or cease and desist letters, and sent the following credit reporting disputes, and government agency complaint letters:

- March 30, 2006, letter from Ventus Capital.
- April 4, 2006, letter to Citicard.
- July 27, 2006, letter from Ventus Capital.
- August 11, 2006, letter to Ventus Capital.
- September 22, 2006, letter from Academy Collection Services.
- September 27, 2006, letter to Sears.
- October 3, 2006, letter to Academy Collection Services.
- October 6, 2006, letter from Academy Collection Services.
- December 5, 2006, letter from Brachfeld Law Group, P.C.
- December 10, 2006, letter to Brachfeld Law Group, P.C.
- March 3, 2007, letter to Brachfeld Law Group, P.C.
- March 10, 2009, letter to Compliance Department,
- March 12, 2009, letter to Transunion.
- February 2, 2011, letter to California Department of Consumer Affairs.
- February 11, 2011, letter to Brachfeld and Associates.

11. My December 10, 2011 letter to Brachfeld specifically stated, "I am writing this letter in response to the letter dated 12/05/06 that I received from you regarding the above listed **file.** At this time I again want to repeat this is not my bill…Let me again repeat that this bill is not mine and I am not going to pay it." (emphasis added). Again, the above listed **file** that I refused to pay was **File # MLN 03755**. Yet, Brachfeld continued to attempt to collect from me on **File # MLN 03755**.

- 3 -

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

Similarly, my March 3, 2007 letter also referred to **File # MLN** and served as a cease and desist letter. A copy of the certified receipt proving Brachfeld received it is also attached.

12. On or about March 23, 2009, I disputed owing any debt to LVNV Funding, LLC, and Sears, by disputing such directly with Experian, Transunion and Equifax, credit reporting agencies. On or about April 3, 2009, Transunion responded by indicating the debt to LVNV Funding, LLC, was deleted, and the debt to Sears was updated to show a $0 balance. At a later date Equifax and Experian also showed no balances owing to Sears. Also, LVNV Funding and Resurgent were not reporting any debt to the three major credit reporting agencies.

13. A summary review of some of my letters is below:

• **On April 4, 2006**, I wrote Citi Card, stating: "This is not my bill and I do not owe this money. This bill is over 22 years old….During this 22 year period I have not received a bill from Sears for this "charge….I want this bill straightened out immediately. I want this bill and notice of collection erased from my credit rating immediately. I will do anything I can to help you resolve this problem and I expect you to take care of this immediately."

• **On August 11, 2006**, I wrote Ventus Capital (collecting on behalf of LVNV), stating: "This was regarding a bill with the reference number 16043874 for the amount of $921.83 for a Sear's bill. This is a bill that is not mine." …From the information I received from the last phone call I believe that this bill belongs to my ex-husband, Carl Love, AKA Carroll Love…Do not contact me again in writing or by phone." The first paragraph indicated I was writing about the $921.83 alleged debt LVNV was attempting to collect for a Sear's bill.

• **On September 27, 2006**, I wrote Sears Credit Services, stating: "Let me tell you one more time. THIS IS NOT MY BILL. If you go back and look at your documents you will find that this is not my signature on the purchase and I certainly did not make payments on it…This bill has passed to different collection agencies and the people seem to get ruder and more obnoxious with every change. There also appears to be no communication between the different agencies. I want this to stop now." My first paragraph indicated I was writing about the $921.83 alleged debt Ventus Capital was attempting to collect on behalf of LVNV.

- 4 -

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

14. On or about December 5, 2006, Defendant Brachfeld sent me a letter attempting to collect a debt. The letters "Regarding: section stated:

**RE: Sears LVNV Funding, LLC
File #MLN03755**

15. On December 10, 2006, I sent Defendant Brachfeld a cease and desist letter. The letter's "Regarding" section stated:

**RE: Sears LVNV Funding, LLC
File #MLN03755**

16. However, in a telephone conversation on March 3, 2007, Defendant Brachfeld denied receiving the December 20, 2006 letter (yet, I now understand John Birdt admits Brachfeld received the letter). So, on March 7, 2007, I sent Defendant Brachfeld another cease and desist letter. This letter's "Regarding" section also stated:

**RE: Sears LVNV Funding, LLC
File #MLN03755**

17. From November 2010 to February 2011 Defendants telephoned me more than 40 times in an attempt to collect the disputed debt, despite my multiple letters and disputes since 2006. I did not make a note of every single phone call during this ordeal, but I did note more than two-dozen since December 2010. I understand records produced by Defendants are consistent with my memory, and in particular the Live Vox records help refresh my recollection that there were perhaps more than 50 telephone calls placed to me by Defendants from November 2010 to February 2011.

19. In numerous calls I would answer, hear a pre-recorded message it was Brachfeld again attempting to collect a debt, and I would hang up. In numerous calls Defendants left messages saying they were attempting to collect a debt.

20. On numerous occasions Defendants called me multiple times in one day, and called me after I already hung up on them.

21. I disputed owing any money to LVNV, refused to pay, requested the collections cease, and at no time did I waive my right to be left alone, or request that they inflict this barrage of calls on the

- 5 -

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

sanctity of my home. They never responded to my requests to simply send me the proof I owe them the money they say I did.

22. During the course of all this I contacted the Ewing & Associates in Lakeport, CA, for legal assistance. While they provided some assistance; unfortunately, I was unable to pay their hourly rates. So I informed them I could not continue to use them on an hourly basis.

23. After having contacted the California Department of Consumer Affairs in Sacramento, CA, ABC News in San Francisco, and being unable to hire an attorney on an hourly basis, I found myself in an extremely difficult position. I did not think I owed them any money, and I believed that it was wrong to be made the subject of a debt collection when they refused to simply send me any evidence of an underlying debt. At the same time, I needed to get an attorney to represent me. In order to pursue what I thought was right in this case, I would have needed to spend much more on my attorneys' fees and costs than what the debt collector was demanding from me.

24. Because I believed that it was wrong for Defendants to continue to abuse me, and continue to call me despite my repeated requests, I continued to look for an attorney. I believe a call to a District Attorney's Office somehow lead me to find Mr. Wilcox. I asked Mr. Wilcox if he would represent me on a contingent fee basis. While I agreed to help cover any costs, I could not afford to hire him on an hourly basis. Ultimately, Mr. Wilcox agreed to represent me in regard to my rights under the fair debt collection statutes and related laws. Under our contingent-fee agreement, he could recover his fees and costs only if he won the case and then obtained an award from the debt collector through judgment or settlement.

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

- 6 -

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

1 Executed on June 5, 2012, at Lakeport, California.

/s/Donna Garcia

_____
DONNA GARCIA

**PLAINTIFF DONNA GARCIA'S DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**