JONATHAN W. BIRDT (SBN 183908)
jbirdt@brachfeldcollections.com
THE BRACHFELD LAW GROUP, P.C.
880 Apollo St., Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorneys for Defendant
The Brachfeld Law Group P.C.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA GARCIA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING, LLC, THE BRACHFELD LAW GROUP, P.C. a.k.a. BRACHFELD & ASSOCIATES, P.C. and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 11cv-01253 EMC<br><br>Hon. Edward M. Chen<br><br>**DECLARATION OF JONATHON W. BIRDT IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF DONNA GARCIA'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Date:　　　July 31, 2012<br>Time:　　　1:30 p.m.<br>Location:　Courtroom No. 5<br>　　　　　　Federal Building<br>　　　　　　17th Floor<br>　　　　　　450 Golden Gate Ave.<br>　　　　　　San Francisco, CA 94102<br><br>Complaint Filed:　March 15, 2011 |

I, Jonathon W. Birdt, declare:

1. I am an attorney licensed to practice before the courts of the State of California and I am admitted to practice before this court. I am employed by Brachfeld

1

DECLARATION OF JONATHON W. BIRDT IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES -- CASE NO. 11CV-01253 EMC

3150960v1 0922519

Law Group and I am its attorney of record in this action. I have personal knowledge of the facts recited in this declaration and could competently testify thereto if called upon to do so.

2. From the start of this case, Plaintiff never made any effort to resolve, never made a concrete demand, and when offers were made, they were ignored. In fact, following the settlement conference with Judge Zimmerman, defendants struggled to raise the money for the settlement proposed by Judge Zimmerman, and when then did, 3 weeks later, Plaintiff claimed to have incurred $30,000 in additional fees and rejected the six figure settlement offer. It was obvious that counsel was litigating this matter to maximize fees, and not seek reasonable resolution.

3. Thereafter, every settlement discussion was very frustrating, every time defendants offered more money, Plaintiffs counsel would raise their demand. Had Plaintiffs counsel acted reasonably and made a good faith effort to resolve this very simple and straightforward case, it would have resolved long ago, for much less, rendering the majority of the fees claimed unreasonable for that reason alone. All counsel have an affirmative duty to ease the burden on the Court and make every effort to reach a reasonable resolution of case. The instant motion seeks more than 5 times Plaintiffs actual recovery in this matter.

4. From the outset, Defendant admitted to receipt of the cease and desist letters, and to the number of calls made, yet, Plaintiff went on to take additional irrelevant depositions to redundantly confirm these facts, presumably for the sole purpose of creating a fee award.

5. The FDCPA claims were limited by motion to one year preceding the filing of the complaint, though reading the plaintiff's moving papers, one would not be able to determine that. Time sought and expended dredging up the past for purposes of the fee claim, when such claim was limited as a matter of law to the FDCPA claims with two

2

DECLARATION OF JONATHON W. BIRDT IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES -- CASE NO. 11CV-01253 EMC

3150960v1 0922519

attorneys is not reasonable. This case was settled, primarily because the scope of the look back was enhanced by those other claims. Had Plaintiff only had an FDCPA claim for which she is entitled to fees, the settlement and fees sought would be 10% of that claimed.

6. Defendants did not dispute the calls made after a cease and desist letter, the problem with this case was twofold: Plaintiffs insistence that her history of complaints going back to 2006 were relevant to her FDCPA claim and Plaintiff counsels' complete refusal to discuss settlement. Defendants even sought to accept the mediators proposal following a settlement conference with Judge Zimmerman, but when they did, Mr. Wilcox raised the bar, as he did each time thereafter when Defendants attempted to resolve this matter.

7. The value of Plaintiffs claims was not the 40-50 calls she never answered, it was the risk that the state law claims would bring in prejudicial evidence going back to 2006 that would bleed into the FDCPA claim.

8. Plaintiff identified a former Brachfeld employee, Courtney Hileman, as a man in her call log. Brachfeld identified 3 possible Courtney's employed during the relevant time frame. Plaintiffs sought only to depose a female named Courtney.

9. Plaintiffs counsel has not disclosed how much in fee has already been received from the contingency arrangement which should be factored in to any award.

10. Plaintiffs fees should be apportioned among the various claims, and at best, 20% of the work performed can be attributed to the limited FDCPA claim that covered only 1 year and was not in dispute.

11. Counsel notes that they even attempted to resolve this fee dispute and there were several calls to discuss resolution, the first between myself and Mr. Wilcox where we discussed settlement in the $50,000 to $180,000 range. Mr. Wilcox called back and said Mr. Nathan wanted a multiplier and wasn't willing to reduce his fees, but if I could

3

DECLARATION OF JONATHON W. BIRDT IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES -- CASE NO. 11CV-01253 EMC

3150960v1 0922519

send him case law he might. I conducted extensive research sending Mr. Nathan a long list of cases addressing our concerns regarding his fee claims. He called me and the number was now $220,000 and he wanted a new demand. I suggested we would be willing to settle and might approach the $120,000 range, but as usual, Plaintiffs number had just gone up again, instead of down. Mr. Nathan was then going to research the matter and call me back. He did and this time his demand was $320,000 and he wanted a new number fo him. I told him of my frustration and told him we wanted to settle this claim. I told him I had authority to pay more and settle the entire matter in five minutes if he would simply make some concessions and negotiate down from the $320,000 number. He said he would speak with Mr. Wilcox and see if they wanted to get back to me. To date they have not.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 21, 2012          BRACHFELD LAW GROUP P.C.

                                     */s/ Jon Birdt*
                                Attorneys for Defendant Brachfeld Law Group P.C.

DECLARATION OF JONATHON W. BIRDT IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES -- CASE NO. 11CV-01253 EMC

3150960v1 0922519